This is an appeal from an order denying a Rule 60(b)(4), Ala.R.Civ.P., motion to set aside a default judgment entered in favor of the plaintiff, Central Bank of the South, against the defendants, Dudley and Diane Powell. We affirm.
In April 1985, Central Bank of the South (hereinafter "Central Bank") filed suit in Madison County against the Powells on a promissory note that had been executed by the Powells in Huntsville, Alabama. After *Page 172 
process by certified mail at an address in Miami Lakes, Florida, was returned unclaimed, Central Bank obtained an order, pursuant to Rule 4.2(b)(2), Ala.R.Civ.P., designating Attorneys Process Service, International, or any of its authorized agents, to serve the summons and complaint upon the Powells. The process server, in compliance with Rule 4.1(b)(3), returned the process indicating that service had been accomplished at the same address to which the certified envelopes had been mailed.
The Powells failed to respond, and a default judgment was entered against them on September 27, 1985. On December 26, 1985, the Powells filed a motion to set aside the default judgment on the ground that the judgment was void because they had not been served with a summons and complaint.
On February 13, 1986, the trial court conducted a hearing on the Powells' motion. The Powells were the only parties to present any evidence, and the extent of their testimony was that they had not been served. They offered no evidence to corroborate or support their denial of service of process. On September 18, 1986, the trial judge overruled the Powells' motion to set aside the default judgment, and this appeal followed.
The issue before us on appeal is whether an out-of-state process server's return of service, in proper form, is entitled to the same presumption of correctness given a sheriff's return of service. We answer in the affirmative.
Rule 4.2(b)(2)(A), Ala.R.Civ.P., provides for service of process, upon written request, on an out-of-state "person" by a person designated by order of the court. The process server may be any person not less than 18 years of age who is not a party and who has been designated by the court. Rule 4.2(b)(2)(B) allows for proof of service as prescribed by Rule 4.1(b)(3) or by order of the court.
Pursuant to Rule 4.2(b)(2), upon written request of Central Bank, Attorneys Process Service, International, or any of its authorized agents, was designated as process server by order of the court. In accordance with Rule 4.1(b)(3), the process server endorsed the fact of delivery on the process and returned it to the clerk. Rule 4.1(b)(3) further provides that the return of the person serving process in the prescribed manner shall be prima facie evidence of such fact. The presumption is given to any return properly executed by a person designated by order of the court. Therefore, since Rule 4.1(b)(3) is incorporated into Rule 4.2(b)(2)(B), a return of service, properly executed, by an out-of-state process server designated by order of the court is presumed to be correct.
The presumption of correctness is not conclusive, but the party challenging the return has the burden of establishing lack of service by clear and convincing evidence. Raine v.First Western Bank, 862 So.2d 846, 848 (Ala. 1978). In addition, a properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they deny service upon themselves. Raine, supra. Corroboration does not necessarily mean that there must be additional, supporting testimony from another person; however, a mere denial by the party challenging the return is insufficient. Raine, supra.
There must be additional evidence, such as statements of fact, tending to support the denial of service of process. See, e.g.,Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App. 1982), where the only evidence presented was the testimony of the party successfully challenging the return, but that party was able to provide additional facts in her testimony which tended to support her denial of service of process.
In the case at hand, the only evidence presented by Dudley and Diane Powell was their denial of service of process; both made that denial. No supporting or corroborating evidence was offered, and as previously stated, this testimony alone, as a matter of law, is insufficient to overcome the presumption of correctness given a properly executed return of service of process.
Other states have explained the pragmatic reasons for this rule in various ways. *Page 173 
The Supreme Court of North Carolina stated:
 "The rule that an officer's return of service may not be set aside upon the contradictory testimony
of one witness does not place an undue burden on a person who in truth has not been legally served. In our view, it would be a rare occasion when a party who had not been served in accordance with the legal requirements would be unable to corroborate his testimony. In this case, for example, if defendant had lived, worked, and voted in Tennessee since February 1963 surely his neighbors, employer, and the registrar of voters would have been among those available to corroborate his allegation that he was a resident of that state. Under those circumstances, his mother would undoubtedly have given her affidavit that on 16 May 1973 defendant was not living with her at Box 187 on Route 3, Weaverville, N.C. Defendant, however, produced no such corroboration. The single affidavit contradicting the sheriff's return was his own. His motion therefore was properly denied."
Guthrie v. Ray, 293 N.C. 67, 235 S.E.2d 146, 149 (1977). And in Florida, an appellate court recently held:
 "We recognize that the passage of time and the number of summonses served would naturally dim a process server's recollection of serving a given summons. To permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system. Therefore, evidence must be presented to corroborate the defendant's denial of service."
Slomowitz v. Walker, 429 So.2d 797, 799 (Fla. Dist. Ct. App. 1983).
The appellants argue that the out-of-state process server's return should not be given the presumption of correctness because he is out of state and beyond the subpoena power of the court. This is incorrect. By allowing himself to be designated as process server by order of the court, the out-of-state process server becomes subject to the personal jurisdiction of the court, at least for the limited purpose of explaining the circumstances of the service of process.
Therefore, because the Powells failed to meet their burden of proof, we cannot hold that the judgment was void or that the trial court abused its discretion in denying the Rule 60(b)(4) motion to set aside the default judgment.
The order of the trial court denying the defendants' motion to set aside the default judgment is affirmed.
AFFIRMED.
MADDOX, JONES, ADAMS and STEAGALL, JJ., concur.