SHORES, Justice.
In 1979 Lewis G. Robinson agreed to perform construction work for Bennie Vernon on his home located in Limestone County, Alabama. Vernon was not satisfied with the work and refused to pay Robinson. Robinson brought suit against Vernon for the balance he alleged was due to him. Vernon then filed a counterclaim against Robinson for breach of contract, alleging that the work was not done in a good and workmanlike manner. The trial of this case resulted, on September 18, 1980, in a jury verdict of $15,000 on Vernon’s counterclaim. Robinson appealed the judgment, which was affirmed by this Court in Robinson v. Vernon, 409 So.2d 772 (Ala.1981), rehearing denied January 22, 1982. Robinson’s-brief asserts that he moved to Cleveland, Ohio, in January 1982. He did not pay the judgment owed to Vernon.
Vernon recorded his certificate of judgment, and a writ of execution was issued from the Circuit Court of Limestone County against the property of Robinson. The sheriff of Morgan County proceeded to levy on the real property owned by Robinson. Robinson denies receiving service of notice of the levy on his real property in February 1982. However, the record reflects that the sheriff’s deed expressly states: “[Njotice of said levy was given the Defendant personally on the 16th day of February, 1982.” Notice of the levy was posted on the bulletin board at the Morgan County Courthouse, and notice of the levy and sale was published in the Decatur Daily (a newspaper of general circulation in *582 Morgan County) once a week for three successive weeks prior to the sale. In addition, a copy of the order of the circuit court concerning the sheriffs sale was mailed to the office of Robinson’s attorneys.
A sheriffs sale of five tracts of real property owned by Robinson was held on March 29, 1982. At that sale, the tracts of land were purchased by Bennie Vernon and his attorney, Jimmy E. Alexander, for $17,-000. Robinson contends that he found out in 1984 about the 1982 execution, levy, and sheriffs sale. Yet he took no action to set aside the sale.
Vernon and Alexander filed an action for statutory ejectment against Robinson on April 15, 1986, alleging that they were legal owners of the real property pursuant to a sheriffs deed and that Robinson had entered upon the real property and unlawfully withheld and detained it. Robinson filed a timely answer to this complaint; however, he denies ever having been served with a copy of the summons and complaint. (Other defendants were named in the suit; however, they were not served.)
On September 2, 1988, Vernon and Alexander filed a motion for summary judgment, averring that there was no genuine issue of material fact necessary to be tried. They presented evidence of a valid judgment, execution, levy, sale, and sheriffs deed. An order was rendered on September 21, 1988, in favor of Vernon and Alexander which was apparently an interlocutory order. On October 19, 1988, Robinson filed a motion to set aside “default summary judgment” and an affidavit of Lewis Robinson, which was apparently a motion in opposition to summary judgment. An order denying Robinson’s motion was issued November 4, 1988, by the circuit judge. On December 9, 1988, the judge issued a final order entitled: “Proposed Findings of Undisputed Facts and Conclusions of Law and Grant of Summary Judgment.” In addition to the grant of summary judgment, this document also ordered the sheriff to eject Robinson from the property. Robinson appeals from this order.
The single question before us is whether the trial court erred in entering summary judgment on the statutory action for ejectment.
It is settled law that summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. See Rule 56(c), A.R.Civ.P. In an action for ejectment, “it remains incumbent upon the plaintiff to prove a right to possession at the time of the commencement of the action [citations omitted]. The plaintiff may allege and prove that he either has the legal title to, or was possessed of, the land and that the defendant entered thereupon and unlawfully withholds and detains it.” MacMillan Bloedell Inc. v. Ezell, 475 So.2d 493, 496 (Ala.1985). As noted above, Vernon and Alexander presented evidence of a valid judgment, execution, levy, sale, and sheriff’s deed.
Robinson contends that the affidavit he filed along with the motion raises a genuine issue of material fact, inasmuch as he denies that he received notice of the sheriff’s levy on his property. He cites Code 1975, § 6-9-147, which provides as follows:
“§ 6-9-147. Setting aside of sales by courts.
“Courts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity or error to the injury of either party, the sale will be set aside.”
He argues that the sheriff’s sale should be set aside on the basis of his affidavit.
However, Robinson’s affidavit alone is not sufficient to create a genuine issue of material fact. See Butler v. Michigan Mut. Ins. Co., 402 So.2d 949, 952. This Court has said that “a strong presumption of correctness attends the sheriff’s return of service and the party challenging it has the burden of establishing lack of service by clear and convincing proof.” Caudle v. Ellison, 401 So.2d 38, at 40 (Ala.1981). The party seeking to challenge a return of service may not show the impropriety by his own testimony alone but must present some corroborating evidence that service has not been properly made. Raine v. First Western Bank, 362 So.2d *583 846, 848 (Ala.1978). This Court has reasoned:
“ ‘To permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system. Therefore, evidence must be presented to corroborate the defendant’s denial of service.’ ”
Powell v. Central Bank of the South, 510 So.2d 171, 173 (Ala.1987), quoting Slomowitz v. Walker, 429 So.2d 797, 799 (Fla.Dist.Ct.App.1983).
We have carefully reviewed the record and find that as a matter of law Robinson’s affidavit is insufficient to create a genuine issue of material fact.
Robinson further contends that he was denied due process of law in that, he says, he did not have a sufficient opportunity to oppose the motion for summary judgment. The record discloses, however, that Robinson filed a motion (apparently in opposition to summary judgment), with accompanying affidavits, all of which were considered by the court. On the authority of Newman v. First Nat’l Bank of Mobile, 497 So.2d 106 (Ala.1986), we find no denial of due process.
For the foregoing reasons, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.