Insurance Management and Administration, Inc. ("IMA"), appeals from the denial of its motion to set aside a default judgment. The dispute in this case arose when Palomar Insurance Corporation; W. G. Mercer Livestock Company; W. G. Mercer; Horn Beverage Company, Inc.; Ellis Metals, Inc.; and Ozark Stripping Company, Inc., sued IMA, claiming damages for breach of contract, breach of fiduciary duty, fraud, and conspiracy to defraud. The court entered a default judgment against IMA after it had failed to answer the complaint, and the court awarded compensatory damages to each of the plaintiffs and punitive damages to one of the plaintiffs. Thereafter, the court denied IMA's motion to set aside the default judgment pursuant to Rules 55(c) and 60(b)(1), (4), and (6), Ala.R.Civ.P.
The issues presented for our review are whether IMA's motion, insofar as it sought to set aside the default judgment under Rules 55(c) and 60(b)(1), was timely and, if it was, whether the trial judge, the Honorable Eugene W. Reese, judge of the Montgomery Circuit Court, abused his discretion in refusing to set aside the default judgment under Rules 55(c) and 60(b)(1); whether the trial judge erred in denying IMA's motion under Rule 60(b)(4), which authorizes the granting of relief from a judgment when the judgment is void; and whether the trial judge abused his discretion in denying IMA's motion to set aside *Page 211 
the judgment under Rule 60(b)6). We affirm.
The plaintiffs filed a complaint in Montgomery Circuit Court on August 17, 1989, alleging breach of contract, breach of fiduciary duty, and fraud against The American Health Trust. The plaintiffs alleged that The American Health Trust was a business trust that had its principal place of business in Clearwater, Florida. On March 7, 1990, the plaintiffs amended their complaint, adding U.S. Med. Trust and IMA, a Florida corporation, as defendants and stating a claim based on a conspiracy to defraud. The plaintiffs' claims arose out of their inability to collect under policies of group health insurance allegedly solicited and sold by The American Health Trust and its administrator, IMA. U.S. Med. Trust is alleged to be the successor trust to The American Health Trust. The American Health Trust was apparently dissolved when the underwriting insurance company went into involuntary receivership. Neither The American Health Trust nor U.S. Med. Trust is a party to this appeal.
Because none of the defendants had answered the plaintiffs' complaint, the Honorable Mark Montiel, judge of the Montgomery Circuit Court, entered defaults against U.S. Med. Trust and IMA on May 16, 1990. Shortly thereafter, the plaintiffs' attorney mailed to Judge Montiel a letter that stated, in pertinent part, the following:
 "Thank you for the entries of default dated May 16, 1990 against the U.S. Med. Trust and against Insurance Management and Administration, Inc. . . . At this time, I request that a date be set for a hearing to determine damages in this matter.
". . . .
 "I would also like to call to the Court's attention an application for entry of default I filed in this matter against The American Health Trust on January 9, 1990. I request that Your Honor consider this application, as this defendant has also failed to answer."
Judge Montiel set a hearing for July 6, 1990, to ascertain the plaintiffs' damages. A damages hearing was held on that date and Judge Montiel entered a default against The American Health Trust on that same day. Subsequently, on July 17, 1990, Judge Montiel rendered a judgment in which he specifically stated in the first paragraph as follows:
 "This matter having come before the Court for a Damages Hearing on July 6, 1990, and [on] an Application of Default heretofore filed by the Plaintiffs in the above styled action, the Court is of the opinion that Plaintiffs' application for default judgment is hereby GRANTED against Defendant American Health Trust."
Judge Montiel then in the second and third paragraphs awarded damages against all of the defendants, including IMA. That judgment was filed with the circuit clerk on July 20, 1990. On February 8, 1991, the plaintiffs filed a Rule 60(a), Ala.R.Civ.P., "Motion to Amend Court's Order to Correct Clerical Mistake." The following letter of explanation by the plaintiffs' attorney was enclosed with that motion:
 "Enclosed please find a Motion to Amend Court's Order to Correct . . . Clerical Mistake.
 "After the entry of the default judgment in the above-styled cause, [plaintiffs] sought execution in a Pinellas County, Florida, Court. The local Pinellas County attorney handling the execution of this judgment informed me today that the Pinellas County Circuit Court Judge has stayed enforcement because the Order, on its face, appears to enter a default against only American Health Trust while it assesses damages against all Defendants.
 "With all due respect, I have taken the liberty to draft a proposed Amended Order correcting the clerical mistake made by actually entering the default judgment against all of the named Defendants.
 "I have requested in my Motion that the Order be amended nunc pro tunc in order that the execution can proceed without delay. Your consideration of this matter is greatly appreciated." *Page 212 
On February 14, 1991, Judge Reese, who had replaced Judge Montiel as a judge on the Montgomery Circuit Court, amended the default judgment that had been previously rendered by Judge Montiel by stating in the first paragraph as follows:
 "This matter having come before the Court for a Damages Hearing on July 6, 1990, and [on] an Application of Default heretofore filed by the Plaintiffs in the above styled action, the Court is of the opinion that Plaintiffs' application for default judgment is hereby GRANTED against Defendants American Health Trust, U.S. Med. Trust, and Insurance Management and Administration, Inc."
The amended judgment was filed with the circuit court clerk that same day. On February 26, 1991, IMA filed its motion to set aside the default judgment.
The threshold question presented in this case is whether IMA's motion, insofar as that motion sought to set aside the default judgment pursuant to Rules 55(c) and 60(b)(1), was timely. A motion to set aside a default judgment under Rule 55(c) must be filed within 30 days of the entry of the judgment. Rule 55(c). A Rule 60(b)(1) motion must be filed within four months of the entry of the judgment. Rule 60(b). The parties in this case are at issue over exactly when the default judgment was entered against IMA. The plaintiffs contend that Judge Montiel rendered a default judgment against IMA on July 17, 1990; that that judgment was entered on the civil docket on July 20, 1990, when it was filed with the circuit court clerk pursuant to Rule 58(c), Ala.R.Civ.P.; and, therefore, that IMA's motion to set aside the judgment under Rules 55(c) and 60(b)(1), which was filed on February 26, 1991, came too late. IMA insists, however, that the default judgment was not entered against it until February 14, 1991, when Judge Reese rendered the amended judgment. Thus, IMA argues, it timely sought relief from the judgment on February 26, 1991.
After a thorough examination of the record, we are satisfied that Judge Montiel entered defaults against U.S. Med. Trust and IMA on May 16, 1990, and against The American Health Trust on July 6, 1990, and, that, after conducting a hearing on July 6, 1990, to determine the amount of damages, he intended to, and -did, render a default judgment on July 17, 1990, against all of the defendants, including IMA. See Rule 58(b), Ala.R.Civ.P., which provides:
 "Sufficiency of Judgment, Order, or Minute Entry Thereof. A judgment or order, or the minute entry thereof, need not be phrased in formal language nor bear particular words of adjudication. The judgment or order, or the minute entry thereof, will be sufficient if it is signed or initialed by the judge, or by the clerk in the case of a judgment entered pursuant to Rule 55(b)(1), and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication."
Because Judge Montiel rendered a default judgment on July 17, 1990, against IMA, IMA's February 26, 1991, motion, insofar as it sought to set aside the July 17, 1990, judgment under Rules 55(c) and 60(b)(1), was not timely.
The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc.,553 So.2d 61 (Ala. 1989).
With regard to its Rule 60(b)(4) motion, IMA contends that it presented sufficient evidence to show that it was not properly served with the summons and complaint and, therefore, that the default judgment was void and, thus, should have been set aside on the ground of lack of in personam jurisdiction. We disagree.
Rule 4.2(b)(1), Ala.R.Civ.P., provides the method for out-of-state service of process by certified mail. Under that Rule, proof of service is evidenced by the return *Page 213 
receipt and the circuit court clerk's notation on the docket sheet that the process has been properly mailed. Although Rule 4.2(b)(1) does not specifically state that a showing of a properly executed return receipt, and the circuit court clerk's notation that the process has been properly mailed, create a presumption of correctness of proper service, as Rules 4.1(b)(3) and 4.2(b)(2)(B) state with regard to in-state and out-of-state service by process servers, see Powell v. CentralBank of the South, 510 So.2d 171 (Ala. 1987), we conclude, nevertheless, that a presumption of correctness should, and does, attach to such a showing and that the party challenging the return bears the burden of establishing lack of service by clear and convincing evidence. In addition, we also conclude that a properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they simply deny that they were properly served. See Powell; see, also, Raine v. First Western Bank, 362 So.2d 846 (Ala. 1978).
In the present case, the case action summary reflects that IMA was properly served. In addition, two affidavits were filed by the plaintiffs, one being the affidavit of the secretary of the plaintiffs' attorney and the other being the affidavit of the deputy clerk of the Montgomery Circuit Court. These affidavits indicate that a summons and the amended complaint were sent to IMA's post office box address in Florida, via certified mail. A copy of the return receipt, which was attached as an exhibit to the affidavit of the deputy clerk, shows that an employee of IMA, Jane Mahon, signed the return receipt as an "agent" for IMA. In response, IMA filed the affidavit of Jane Mahon, whose duties were to open and distribute all of the mail received by the company. Mahon stated that she was not an "agent" of the company and that she had received the complaint, but not a summons. Mahon further stated that because no summons was attached to the complaint she did not forward the complaint to a superior. Based on this evidence, Judge Reese found that the summons and complaint had been properly served on IMA by certified mail. Because our review of the record shows that IMA did not establish lack of service by clear and convincing evidence, we conclude that Judge Reese properly refused to set aside the default judgment under Rule 60(b)(4).
In Smith v. Clark, 468 So.2d 138, 140 (Ala. 1985), this Court stated:
 "Clause (6) of [Rule 60(b)] and the first five clauses of [Rule 60(b)] are mutually exclusive, and relief cannot be obtained under (6) if it would have been available under one of the other five clauses. Assured Investors Life Ins. Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978); City of Birmingham v. City of Fairfield, 396 So.2d 692 (Ala. 1981). Consequently, relief under Rule 60(b)(6) is available only under circumstances not arising under 60(b)(l)-(5); Rule 60(b)(6) is reserved for 'extraordinary circumstances,' and is available only in cases of 'extreme hardship or injustice,' City of Birmingham, supra, or when the case involves 'aggravating circumstances,' Giles v. Giles, 404 So.2d 649 (Ala. 1981). The decision to grant or to withhold Rule 60(b)(6) relief being discretionary, the trial court's decision will not be reversed except for an abuse of that discretion. Textron v. Whitfield, 380 So.2d 259 (Ala. 1979)."
IMA's failure to file a timely Rule 60(b)(1) challenge to the default judgment, and its failure to present clear and convincing evidence of lack of service of process in regard to its Rule 60(b)(4) challenge, precluded further review under Rule 60(b)(6) of the propriety of the default judgment. Judge Reese did not err in refusing to set aside the default judgment against IMA under Rule 60(b)(6).
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 214