GREEN, J.
Appellants Frank J. Hesser and Metal Foam Industries, Inc. (“Metal Foam”) defendants below appeal an adverse final judgment entered in favor of appellee Jerry Flick in his breach of contract action, and an order striking and expunging Metal Foam’s foreign final default judgment styled: Metal Foam Industries, Plaintiff; Jerry Flick, Defendant; entered in the Circuit Court of Marengo County, Alabama Case No. CV-97.111 from the public records of Miami-Dade County, Florida. We affirm.
On or about June 26, 1997, Flick, a Florida resident, instituted this breach of contract action against Hesser and Hes-ser’s company, Metal Foam, both Alabama residents, in the trial court. Essentially, Flick alleged that he entered into a contract with Metal Foam for Metal Foam to construct a modular home for him in Alabama for Flick’s use in Florida and in accordance with Florida requirements. Flick alleged, among other things, that the modular home was not timely completed nor was it built in accordance with Florida requirements. Just prior to the filing of this lawsuit in Florida, Metal Foam had filed a breach of contract suit in Alabama against Hesser for his failure to pay for the modular home. Metal Foam effectuated service upon Hesser in Florida pursuant to Alabama Rule of Civil Procedure 4.2 by forwarding the summons and complaint via certified mail return receipt requested, restricted delivery. The complaint was mailed to Jerry Flick at Flick Mortgage Investors at a Miami address which Flick had utilized in his prior correspondence with Hesser and Metal Foam. Flick Mortgage Investors is a Florida company owned by Flick’s son and does not employ Flick. The return receipt reflects that an employee/receptionist of Flick Mortgage Investors by the name of Jennifer Cer *1268 vantes signed for the summons and complaint. When Flick failed to answer or respond to this complaint, a final default judgment was entered against him in this Alabama action on May 11,1998.
Meanwhile, the instant Florida action was tried in a non-jury trial and a final judgment was entered against Hesser and Metal Foam and in favor of Flick on November 2, 1998. On a prior appeal, we reversed that final judgment and remanded the case for the lower court’s determination of whether the Alabama final judgment was validly entered under Alabama law, and whether the Florida action was thus barred by the doctrine of res judica-ta.[1] See Hesser v. Flick, 737 So.2d 610 (Fla. 3d DCA 1999)(“Hesser I”).
Upon remand and after an evi-dentiary hearing, the trial court found the Alabama default judgment against Flick to be invalid under Alabama law because Flick had not been properly served in accordance with the Alabama Rules of Civil Procedure and that this issue had not otherwise been litigated in Alabama. Accordingly, the Court entered an order striking and expunging the Alabama final judgment from the public records of Miami-Dade County, Florida and entered final judgment once again in Flick’s favor in the breach of contract action below. It is from this order and final judgment that the instant appeal is taken. The pivotal issue for our determination on this appeal is the validity of the Alabama judgment against Flick. We conclude that the trial court below correctly determined that this judgment was invalid where service of process was not properly effectuated against Flick pursuant to the Alabama Rules of Civil Procedure and thus, this foreign judgment did not have a preclusive res judicata effect on the Florida action below.
In their Alabama action, the appellants attempted to effectuate service of process against Flick, a Florida resident, through certified mail restricted delivery as permitted by Rule 4.2(b)(1) Alabama Rules of Civil Procedure. That rule which prescribes the method, for out-of-state service of process by certified mail provides in relevant part:
(b) Methods of Out-of-State Service .... Services outside of this state under this Rule shall include service by certified mail and delivery by a process server; and each method shall be deemed to confer in personam jurisdiction. Unless otherwise requested or permitted by these Rules, service of process outside this state shall be made by certified mail.
(1) Certified Mail.
(A) How Served. The clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served at that person’s last known address with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail, return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. When the person to be served is an individual, the clerk shall also request restricted delivery, unless otherwise ordered by the Court. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received (Emphasis added).
*1269 The Rules Committee’s comments to Rule 4, dated October 1, 1995, point out that the postal regulations define “restricted delivery” as follows:
Restricted delivery provides a means by which a mailer may direct that delivery be made only to the addressee or to an agent of the addressee who has been specifically authorized in writing by the addressee to receive this mail. This service is available only for articles addressed to natural persons specified by name. Postal Service manual Sec. 165.31, February 6, 1975; see also Ex parte Shuttleworth, 410 So.2d 896, 899 (Ala.1981).
Under Alabama law, strict compliance with the Rules of Civil Procedure regarding service of process is required. See Ex parte Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App.1983); O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977). For out-of state service of process by certified mail, proof of service is evidenced by the return receipt and the circuit court clerks notation on the docket sheet that the process has been properly mailed. See Insurance Management and Administration, Inc. v. Palomar Insurance Corporation, 590 So.2d 209, 211 (Ala.1991). Once that has been properly done, a presumption of correctness attaches and the party challenging the return bears the burden of demonstrating lack of service by clear and convincing evidence See Insurance Mgmt. and Admin., Inc. v. Palomar, 590 So.2d at 213 (stating “a properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they simply deny that they were properly serviced.”)
Based upon the undisputed evidence adduced at the hearing below, it is clear that the appellants never properly effectuated service by mail against Flick in their Alabama action. It is undisputed that Flick did not sign the return receipt for the summons and complaint, nor did he give his son’s employee Jennifer Cervantes written authorization to sign the return and accept service on his behalf. Because the return was never properly executed, the presumption of correctness never attached. See Palomar, supra; and the Alabama court never acquired in personam jurisdiction over Flick. We therefore conclude that the trial court below properly refused to domesticate this foreign judgment and affirm its order striking and expunging it from the public records of Miami-Dade County, Florida. That being the case, it obviously could not have a res judicata effect on the final judgment properly entered against the appellants in the instant case, and thus we affirm this judgment as well.
Affirmed.

. Prior to our decision in Hesser I Metal Foam recorded its Alabama default judgment against Flick in the public records of Miami-Dade County, Florida. Flick brought an action below contesting the recording of the Alabama default judgment on the grounds that the Alabama court lacked jurisdiction over him. Since this action involved the same ultimate issue as the issue on remand of Hesser I namely, the validity of the Alabama final judgment, the two causes were consolidated by the trial court below.