Coy Wayne Cain, the former husband, appeals from a judgment holding him in contempt of court for his alleged failure to pay Janice J. Cain, the former wife, alimony, attorney fees, and court costs in accordance with the terms of the parties' divorce judgment and for failing to pay her pretrial living expenses in accordance with a pendente lite support order. The former husband contends that the trial court did not have personal jurisdiction over him because, he says, he was not served with *Page 953 
process in accordance with Rule 4, Ala. R. Civ. P.
The parties married in 1977. In February 2001, the former wife filed a complaint for a divorce in the Baldwin Circuit Court. In February 2002, the trial court entered a judgment granting the parties a divorce on the ground of incompatibility. The judgment required, in part, that the former husband pay the former wife $500 per month as permanent alimony and that he reimburse her for $750 in attorney fees and $150 in court costs.
On May 14, 2002, the former wife filed a petition for a rule nisi alleging that the former husband had failed to pay her alimony as required by the divorce judgment, that he had failed to reimburse her the attorney fees and court costs, and that he had failed to pay certain living expenses that the trial court had required him to pay before it entered the divorce judgment. The former wife requested that the trial court enter an order requiring the former husband to show cause why he should not be held in civil and criminal contempt. The former wife's petition requested that service be perfected on the former husband, who had apparently moved to Florida at some time after the wife had filed her petition for a divorce, at "c/o Eastern Gate Funeral Home, 1985 W. Nine Mile Road, Pensacola, Florida." Eastern Gate Funeral Home was the former husband's employer when the former wife filed her complaint for a divorce.[1] According to the case action summary sheet, after the former wife filed her petition, the trial court entered an order requiring the former husband to appear before it on July 19, 2002.[2]
The case action summary sheet contains the following entry dated "5-14-02" as to the wife's petition: "S Petition Rule Nisi (C.M.) 6-21-02 Del. 7-1-02 — See Below *." This entry arguably indicates that a copy of the petition and a summons were mailed on June 21, 2002, and delivered on July 1, 2002. See
Rule 4.2(b)(1)(A), Ala. R. Civ. P. A subsequent similar entry appears to indicate that a copy of the trial court's order setting a hearing date was apparently mailed to the former husband on June 21, 2002, and delivered on July 1, 2002. However, the record does not contain a copy of the summons or other documentation that was mailed to the former husband on June 21, 2002; nor does it contain a certified-mail return receipt for the June 21, 2002, mailing.[3]
On July 1, 2002, the former husband forwarded a letter to the trial court that stated:
"Dear Judge Nelson:
 "On Thursday, June 27, 2002, I received an Order to Appear in your court on July 19, 2002 at 8:30 a.m. I have made several attempts to reach you by phone but have been unable due to your court schedule.
 "I am writing to respectfully request a continuance in this matter. The existing court date and time creates an extreme *Page 954 
hardship for the following reasons. My previous attorney has withdrawn from the case. I live in Florida and must secure a new attorney licensed to practice in Alabama, and I must be out of town until July 17.
 "Your understanding and assistance in this matter will be greatly appreciated."
The July 2002 letter had a return address of "2212 Trailwood Drive, Cantonment, Florida." It was filed in the trial court on July 2, 2002. After the trial court received the July 2002 letter, it reset the hearing on the former wife's petition.
On July 16, 2002, the former husband, who had retained legal counsel, filed a motion to dismiss the former wife's petition alleging that someone other than the former husband had accepted service of the summons and petition and that when service was purportedly perfected the former husband was "no longer affiliated with the party in question."
On July 24, 2002, the circuit court clerk mailed an alias copy of the summons and petition to the former husband "c/o Oaklawn Funeral Home, 619 New Warrington Rd., Pensacola."[4] The case action summary sheet contains a handwritten correction to the former husband's address, which had originally been listed as the Eastern Gate Funeral Home address and had subsequently been changed to the Cloverdale Court address. The correction indicates that the former husband's address was the Oaklawn Funeral Home address noted above. The name of the former husband's legal counsel also appears in handwritten form next to the Oaklawn Funeral Home address. However, the record does not disclose how the clerk obtained the Oaklawn Funeral Home address.
The case action summary sheet contains the following entry on July 24, 2002: "* 7-24-02 Alias S all above paperwork (CM) Del 7-29-02." The record contains a copy of the alias summons and a return receipt that was marked restricted delivery. However, the signature on the return receipt is not the signature of the former husband.
In August 2002, the trial court entered an order denying the former husband's motion to dismiss. The order stated: "As the [former husband] has contacted the court prior to the last court date of 7-19-02 and asked for a continuance, [the former husband] obviously received copies of all paperwork." In March 2003, on the date of the hearing on the former wife's petition, the former husband filed a motion for the limited purpose of challenging the trial court's jurisdiction. The motion alleged that service had not been properly perfected on the former husband and that "the paperwork was received by someone who was not authorized to accept service for the [former husband]."
The trial court denied the former husband's motion by entering an order on the case action summary sheet on March 20, 2003. The entry also states that the former husband failed to appear "and default ordered upon taking testimony by [the former wife]. [Former wife's attorney] to prepare and submit order." On March 26, 2003, the trial court entered an order stating that it had held a hearing on the former wife's petition on March 20, 2003, that "the [former husband], after having been served more than thirty days prior to this date, failed to appear," that it took testimony, and that the former husband was in contempt for his failure to reimburse *Page 955 
the former wife for attorney fees and costs, for his failure to pay the wife alimony as required by the divorce judgment, and for his failure to pay the former wife's living expenses in accordance with a pendente lite support order; the alimony, attorney fees, court costs, and living expenses totaled $7,843. The trial court also awarded the former wife $1,000 "as reimbursement towards her attorney fees in bringing this action." The trial court ordered the former husband to pay the former wife the foregoing amounts within 60 days. The former husband appeals, asking this court "to reverse and remand this cause for a new trial."
The former husband contends that the trial court lacked personal jurisdiction over him because, he says, he was not served with process as required by Rule 4, Ala. R. Civ. P. Subparagraph (a)(1) of Rule 70A, Ala. R. Civ. P., states that Rule 70A applies "to all civil or criminal contempt proceedings arising out of civil actions." Rule 70A also states that "[u]pon the filing of a contempt petition, the clerk shall issue process in accordance with these rules, unless the petition is initiated by a counterclaim or cross-claim authorized under Rule 13." Rule 70A(c)(2), Ala. R. Civ. P.
Nothing in the trial court's order denying the former husband's motion to dismiss or its order denying his pretrial motion challenging service of process indicates that the trial court determined that the former wife had served process on the former husband in accordance with the Alabama Rules of Civil Procedure. Instead, judging by the language of the trial court's August 2002 order denying of the former husband's motion to dismiss, which was entered after the alias summons and petition had purportedly been served, the trial court apparently concluded that the former husband's acknowledgment that he had actually received the trial court's order to appear, as evidenced by the former husband's July 2002 letter, was sufficient for it to also conclude that proper service of the summons and petition had been perfected. However actual knowledge of an action "does not confer personal jurisdiction without compliance with Rule 4." Gaudin v.Collateral Agency, Inc., 624 So.2d 631, 632 (Ala.Civ.App. 1993).
Rule 4.2(b), Ala. R. Civ. P., states, in part:
 "All service of process outside this state shall be made as set forth below except when service by publication is available pursuant to Rule 4.3. . . . Unless otherwise requested or permitted by these rules, service of process outside this state shall be made by certified mail.
"(1) Certified Mail.
 "(A) How Served. The clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served at that person's last know address with instructions to forward. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail return receipt requested with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. When the person to be served is an individual, the clerk shall also request restricted delivery, unless otherwise ordered by the court. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.
 "(B) When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery of process as evidenced by the return receipt." *Page 956 
Also, in Insurance Management Administration., Inc. v.Palomar Insurance Corp., 590 So.2d 209 (Ala. 1991), our Supreme Court stated:
 "Although Rule 4.2(b)(1) does not specifically state that a showing of a properly executed return receipt, and the circuit court clerk's notation that the process has been properly mailed, create a presumption of correctness of proper service, . . . we conclude, nevertheless, that a presumption of correctness should, and does, attach to such a showing and that the party challenging the return bears the burden of establishing lack of service by clear and convincing evidence."
590 So.2d at 213; see also Northbrook Indem. Co. v. Westgate,Ltd., 769 So.2d 890, 893 n. 4 (Ala. 2000) ("Palomar Insurance
merely establishes a presumption of compliance with Rule 4.2(b)(1); that is, that the court clerk mailed the process and the person signing the certified-mail receipt received the process. Palomar Insurance does not establish a presumption that a defendant was served in compliance with Rule 4(c), which indicates `upon whom process [is to be] served.'" (quoting Rule 4(c)(1))); see also General Motors Corp. v. PlantationPontiac-Cadillac, Buick, GMC Truck, Inc., 762 So.2d 859, 861
(Ala.Civ.App. 1999).
"When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." Ex parte VolkswagenwerkAktiengesellschaft, 443 So.2d 880, 884 (Ala. 1983). Because the former husband alleged that he had not been served with process, the burden of proof was on the former wife to prove that service of process was performed correctly and legally. The record does not contain a "properly executed return receipt" for the attempted service on the former husband in June 2002 or July 2002. Therefore, no presumption of correctness arose as to the service of process that was purportedly made on the former husband. Further, the former wife offered no evidence in response to the former husband's motion to dismiss or his pretrial motion challenging service of process. Compare Palomar InsuranceCorp., 590 So.2d at 213 (in addition to a case action summary sheet that "reflected that [the defendant] was properly served," the plaintiff submitted an affidavit from the plaintiff's attorney's secretary and an affidavit from the clerk of court, which included an exhibit containing a copy of the return receipt that had been executed by the defendant's employee, as agent for the defendant).
The former wife's only argument in support of the trial court's judgment is that the trial court had personal jurisdiction over the former husband based upon Ala. Code 1975, § 30-3A-201. That statute reads:
 "In a proceeding to . . . enforce . . . a support order . . ., a court of this state may exercise personal jurisdiction over a nonresident individual . . . if:
 "(1) the individual is personally served with summons and complaint within this state;
 "(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
 "(3) the individual resided with the child in this state;
 "(4) the individual resided in this state and provided prenatal expenses or support for the child;
 "(5) the child resides in this state as a result of the acts or directives of the individual; *Page 957 
 "(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
 "(7) the individual asserted parentage in the putative father registry as provided in Section 26-10C-1, which is maintained in this state by the Department of Human Resources; or
 "(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction."
In particular, the former wife argues that, under subsection (2) of § 30-3A-201, the former husband "waived" any objection to service when he requested a continuance of the July 19, 2002, hearing.
The former wife's argument is misplaced. In order to exercise personal jurisdiction over a nonresident defendant consistent with the dictates of due process, two requirements must be satisfied. First, the defendant must have sufficient "minimum contacts" with the forum state such that it is fair and reasonable to require the defendant to come into this state and defend against the action. See, e.g., Rule 4.2, Ala. R. Civ. P., and Committee Comment thereto; International Shoe Co. v.Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Secondly, there must be compliance with a state statute or rule of court authorizing service of process which is reasonably calculated to give the defendant actual notice. See, e.g., id.;Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d at 884. With respect to service of process on a nonresident defendant for an action pending in Alabama, that rule is Rule 4.2(b), Ala. R. Civ. P.
A cursory review of § 30-3A-201, which is a codification of § 201 of the Uniform Interstate Family Support Act (2001) ("UIFSA"), reveals that that statute relates only to the first requirement, i.e., minimum contacts, and does not address the requirement that proper service of process also must be effected in order to satisfy the requirements of due process. CompareColeman v. Coleman, 864 So.2d 371 (Ala.Civ.App. 2003) (discussing § 30-3A-201 in the context of a wife's argument that her husband had the necessary "minimum contacts" to subject him to in personam jurisdiction in Alabama); Beale v. Haire,812 So.2d 356 (Ala.Civ.App. 2001) (to like effect). As the official comment to the UIFSA explains, the purpose for § 201's inclusion in the UIFSA was to ensure that the enacting state had an applicable long-arm statute that was as broad as constitutionally permissible.
In contrast, waiver of service of process is governed by Rules 4(h) and 12(h)(1), Ala. R. Civ. P. Neither of these rules is applicable in the present case. As our Supreme Court held inRivers v. Stihl, Inc., 434 So.2d 766, 770-71 (Ala. 1983):
 "Plaintiffs also argued that by filing a motion for an extension of time to answer after plaintiffs' latest attempt to serve it, [the defendant] manifested an intent to defend the case on its merits and waived its defense of insufficiency of service under Rule 12(b)(4). This argument overlooked the fact that [Ala. R. Civ. P.] 12(g) requires a consolidation of motions made `under this rule.' A motion for extension of time is made under Rule 6. A motion containing a request for extension of time does not cause a waiver of Rule 12 defenses unless some additional language in the motion would constitute a waiver."
(Emphasis added.)
Based on the lack of evidence that the former wife complied with Rule 4, Ala. R. Civ. P., the trial court was without personal jurisdiction to enter the contempt judgment against the husband and that judgment *Page 958 
is void. See Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607
(Ala. 1993).
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON and PITTMAN, JJ., concur.
[1] The record contains only one other address for the former husband before the former wife filed her petition. The address was that of the marital residence, which the trial court awarded to the former wife in the divorce judgment.
[2] A copy of the order is not contained in the record on appeal.
[3] We note that on June 24, 2002, the former husband forwarded a letter to the Baldwin Circuit Clerk requesting that the clerk forward a copy of the parties' divorce judgment to him at "13 Cloverland Court, Pensacola, Florida." The case action summary sheet states that a copy of the judgment was mailed to the former husband on June 26, 2002. It does not appear that the former wife ever attempted to serve her petition and the summons at the Cloverland Court address.
[4] We presume that the alias summons was issued pursuant to Rule 4(a)(1), Ala. R. Civ. P. ("[u]pon request of the plaintiff separate or additional summons shall issue at any time against any defendant"), though there is no evidence that the former wife requested the issuance of an alias summons.