The father of a child petitioned that a writ of mandamus be directed to the Honorable Paul S. Conger as judge of the Circuit Court of Tuscaloosa County (the Tuscaloosa court) to enter an order transferring a domestic relations case to the Circuit Court of Houston County (the Houston court) because of improper venue.
The father and mother were divorced by the Houston court in 1975, and the mother was granted the custody of their minor child with the father to provide certain child support. That divorce judgment was modified in 1979 by the Houston court *Page 341 
whereby, in addition to other support, the father was ordered to pay eighty percent of the child's medical or dental expenses which are not covered by a policy of health insurance ordered to be provided by the father. In November 1985, the mother filed her present petition in the Tuscaloosa court. Because of the father's failure to pay the medical and dental expense he was due to pay under the 1979 modification judgment of the Houston court, the mother's petition sought to place the father in contempt of court. She also asked for an attorney's fee and general relief. The father filed a motion to dismiss the wife's petition or to transfer the case to the Houston court, contending that court has continuing jurisdiction over the subject matter and is the proper forum to litigate any unpaid dental bills. The mother amended her petition requesting modification of the Houston court's child support payments by increasing them. The mother averred that she, as the custodial parent, and the minor child resided in Tuscaloosa County for more than three years before the filing of the petition. The father lives in Texas. He filed a motion to dismiss or to strike the amendment. The Tuscaloosa court denied the motion to transfer, whereupon the father filed his petition in this court for a writ of mandamus.
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Rule 15(a), A.R.Civ.P. A motion to transfer or to dismiss is not a responsive pleading within the meaning of Rule 15(a). 6 C. Wright and A. Miller, Federal Practice and Procedure § 1475 at 387-388 (1971). A responsive pleading is certainly permitted in contempt proceedings. Since no responsive pleading had been filed by the father in this case, the mother had a right to amend her original petition as a matter of course, and it related back to the filing date of her original pleading. Rule 15(a), (c), A.R.Civ.P.
A current custodial parent is granted a choice as to venue by § 30-3-5, Code of Alabama 1975, in seeking a modification of a judgment as to child support. Such modification may be properly sought in either the circuit court of the county where that parent and the minor child have resided for at least three consecutive years immediately before the filing of the modification petition, or it may be filed in the original circuit court which granted the custody of the minor child to the current custodial parent. Accordingly, in the present case, the mother had the right to petition for a modification of child support in either the Tuscaloosa court or the Houston court, and she chose the Tuscaloosa court.
Under Rule 18(a) as many claims as a party has may be filed against an opposing party, and the committee comments as to that rule state that there may be no misjoinder of claims where there is but one plaintiff and one defendant. It is provided by Rule 82(c) that, where several claims have been joined, suit may be brought in any county in which any one of the claims could properly have been brought; and it was commented by the committee that, once venue is properly laid, other claims may be joined as ancillary to the original action regardless of venue requirements. Here, a modification of future child support was clearly sought by the amendment, and venue was proper as to child support modification. Where venue is properly laid as to the modification aspect, which related back, Rules 18(a) and 82(c) authorize the contempt proceeding aspect also to be claimed in the Tuscaloosa court in the same action as the modification aspect and for both controversies to be tried by the same court at the same time.
The spirit of the Alabama Rules of Civil Procedure is that they be construed so as to secure the just, speedy and inexpensive determination of every action. Rule 1(c), A.R.Civ.P. We would not comply with that spirit to hold that the Tuscaloosa court has authority under § 30-3-5 to modify future child support obligations, but that the ancillary claims of contempt or judgment for past due support must be split therefrom and transferred to the original trial court for hearing. Since the enactment of § 30-3-5 justice would appear to require that the claims for past-due support and modification *Page 342 
of future support be joined in the same pleading and tried by the same trial court. Such procedure would prevent a multiplicity of suits and trials over the subject of child support and would assure the just, speedy and inexpensive determination of those matters.
Any insufficiency of process or insufficiency of service of process upon the father was waived by him, since those defenses were omitted from the father's motion to transfer or to dismiss. Rule 12(h)(1), A.R.Civ.P.
While several other matters were argued by able counsel in the petition for a writ of mandamus and in the answer thereto, the controlling questions have been above decided, and we waive consideration of those which are not necessary to this decision.
The writ of mandamus is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
WRIT DENIED.
All the Judges concur.