RICHARD L. HOLMES, Retired Appellate Judge.
John Lee Maxwell, Jr., appeals from the trial court’s denial of his motion filed pursuant to Rule 60(b), Ala.R.Civ.P.
Our review of the record reveals the following pertinent facts: Maxwell was arrested in Birmingham, Alabama, on April 7, 1992. At the time of his arrest, Maxwell was in possession of $3,271 in U.S. currency and a 1978 Porsche 924 automobile.
On April 20, 1992, the State of Alabama through the district attorney’s office filed petitions, requesting that the trial court declare the currency and the automobile to be contraband and condemn and forfeit the currency and the automobile to the State, pursuant to Ala.Code 1975, § 20-2-93. The petition for the currency listed Maxwell’s address as 2422 Ninth Court South, Birmingham, Alabama 35205. The petition for the automobile listed Maxwell’s address as 228 69th Place North, Birmingham, Alabama 35208.
The trial court set the hearing on the petitions for May 25, 1992, and ordered that notice of the hearing be given to all interested parties. The record reveals that copies of the notice to file claims were sent to Maxwell at the above-stated addresses and that the notice to file claims was published in the Alabama Messenger on May 9, 16, and 23, 1992.
The petitions for forfeiture were heard and the trial court issued judgments, dated October 30, 1992, wherein it declared the currency and the automobile to be contraband and condemned and forfeited the currency and the automobile to the State. Copies of these judgments were sent to Maxwell at the 228 69th Place North, Birmingham, Alabama 35208, address.
On September 6, 1994, Maxwell filed a motion for relief from judgment, pursuant to Rule 60(b). In his verified motion and the accompanying verified memorandum of law in support of the motion, Maxwell states that he was never served with any notice of the forfeiture proceedings instituted by the State and that he had only learned of the forfeiture proceedings on August 2, 1994. Maxwell further states that he was incarcerated in the City of Birmingham and the Jefferson County jails from the time of his arrest on April 7, 1992, until he was transferred to the state penal system on December 28,1992, and that the district attorney’s office was fully aware of his whereabouts at the time it filed the petitions for forfeiture.
On September 12, 1994, the trial court summarily denied Maxwell’s motion, without a hearing. Maxwell appeals.
*884 Rule 60(b)(4) relief is applicable in cases where the court that entered the prior judgment either lacked subject matter jurisdiction, lacked personal jurisdiction over one or more of the parties, or otherwise functioned in a manner which was not consistent with the principles of due process. Steelman v. Steelman, 512 So.2d 776 (Ala.Civ.App. 1987). In light of the above, it is clear to this court that Maxwell’s motion is a Rule 60(b)(4) motion because in his verified motion Maxwell alleges that he was never served with any notice of the forfeiture proceedings instituted by the State, even though he was incarcerated and the State was aware of his incarceration at the time it instituted the forfeiture proceedings.
It is equally clear that the trial court summarily denied the motion six days after Maxwell filed his verified Rule 60(b)(4) motion. In fact, the State filed no response to Maxwell’s sworn petition requesting relief from the October 1992 judgments.
The trial court should hold a hearing on motions such as the instant motion, unless the motion is clearly without substance and is merely an effort to inconvenience the court with frivolous contentions. Waldron v. Fikes, 378 So.2d 1138 (Ala.Civ.App.1979); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 2865 (1973).
Normally, a person seeking relief under Rule 60(b) has to establish one of the grounds contained in the rule, as well as the existence of a meritorious defense to the cause of action against him. Mickens v. Calame, 497 So.2d 505 (Ala.Civ.App.1986). However, if the movant has alleged and proved that the underlying judgment is void, then he does not have to prove the existence of a meritorious defense. Mickens, 497 So.2d 505.
We cannot say that the instant motion, on its face, is clearly without substance or is merely an effort to inconvenience the court with frivolous contentions. Hence, the trial court should have set a hearing on Maxwell’s motion. See Rules 59(g) and 78, Ala.R.Civ.P.
In view of the above, the judgment is due to be reversed and the case remanded to the trial court for proceedings consistent with the above.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.