Donald Seymore, Fabric by the Pound, Richard Cecil Seymore, Fabrics II, Joseph F. Morgan, and Sunshine Property International (Sunshine), appeal from the trial court's denial of their motions filed pursuant to Rule 60(b), Ala. R. Civ. P.
Our review of the record reveals the following pertinent facts: On September 19, 1996, Vickie Taylor and Virginia Bruemmer (plaintiffs) filed a complaint against the above-named defendants, seeking damages and other equitable relief pursuant to the Alabama Uniform Fraudulent Transfer Act, Ala. Code 1975, § 8-9A-1 through -12. Specifically, the plaintiffs alleged that in March 1994, they secured a judgment in the amount of $30,000 against Donald Seymore, individually, and d/b/a Fabric by the Pound; that Donald Seymore, in an attempt to hinder, to delay, to defraud, and to avoid attachment and levy of the assets of Fabric by the Pound, sold the assets to Morgan and Sunshine; that Morgan and Sunshine, in turn, transferred the assets to Richard Cecil Seymore and Fabrics II; that the transfer of the assets caused Donald Seymore and Fabric by the Pound to become insolvent; and that the scheme to transfer the assets was a civil conspiracy.
In October 1996 Morgan, Sunshine, Richard Cecil Seymore, and Fabrics II filed motions to dismiss the complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P., alleging that the plaintiffs had failed "to allege a cause of action." The trial court denied those motions. We would note that neither Donald Seymore nor Fabric by the Pound filed any type of responsive pleading.
Thereafter, the plaintiffs filed an application for entry of default and default judgment against all of the defendants. The plaintiffs sent notice of the filing to Morgan, Sunshine, Richard Cecil Seymore and Fabrics II. The docket sheet and the case action summary sheet reflect that the trial court held a hearing on March 7, 1997, and entered an order on March 17, 1997. The defendants were not present at that hearing.
The trial court, in its order, granted the plaintiffs' motion for default against the defendants in the amount of $30,000, set aside and held as naught the transfer of the assets by Donald Seymore and Fabric by the Pound, retained jurisdiction over the assets, and appointed a special master/receiver to ascertain and to secure the assets in order to satisfy the judgment in favor of the plaintiffs against the defendants "for the fraud perpetrated by the defendants."
In May 1997 all six defendants, who were represented by counsel for the first time, filed individual motions for relief from the judgment, pursuant to Rule 60(b), Ala. R. Civ. P. The defendants asserted various grounds for relief, including lack of jurisdiction and lack of notice of default. Alternatively, the defendants contended that they had a meritorious defense. The trial court denied the motions.
The defendants appeal.
We find the dispositive issues on appeal to be (1) whether the judgment is void due to lack of and/or insufficient service of process, (2) whether the judgment is void due to lack of notice of the default hearing, and (3) *Page 1218 
whether the defendants have asserted any other meritorious defenses which would entitle them to relief.
At the outset we note that Rule 60(b) relief is applicable in cases where the court that entered the prior judgment either lacked subject matter jurisdiction, lacked personal jurisdiction over one or more of the parties, or otherwise functioned in a manner inconsistent with the principles of due process. Maxwell v. State of Alabama, Jefferson County,656 So.2d 882 (Ala.Civ.App. 1995).
Under normal circumstances, a person seeking relief under Rule 60(b) has to establish one of the grounds contained in the rule, as well as the existence of a meritorious defense to the cause of action against him. Maxwell. However, if the movant has alleged and proved that the underlying judgment is void, then he does not have to prove the existence of a meritorious defense. Maxwell.
We first address the issue of whether the default judgment is void due to lack of improper service over certain of the defendants. The defendants first contend that the judgment against Donald Seymore is void due to lack of personal service of process.
Rule 4(c)(1) Ala. R. Civ. P., provides that an individual must be served in the following manner:
 "[B]y serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process."
In Wright v. Rogers, 435 So.2d 90, 91 (Ala.Civ.App. 1983) (citations omitted), this court stated the following:
 "Rules 4(c)(1) and 4.1(b)(3), Ala. R. Civ. P. require the person serving process to locate the individual to be served and deliver a copy of the process and accompanying documents to that individual. Strict compliance with the Rules of Civil Procedure regarding service of process is required. The sheriff's return is prima facie evidence of the fact of personal service of process. The party challenging it carries the burden of establishing lack of service by clear and convincing proof."
The sheriffs return of service, which is dated and signed, indicates that the summons and complaint was served on Donald Seymore and was accepted by his son, Richard Cecil Seymore. The record also suggests that the address noted on the return of service was a business address, not a personal residence. Hence, in order for Donald Seymore to have been properly served, the sheriff had to deliver the summons and complaint to a person authorized by appointment or by law to receive service for him.
In the instant case, the record is completely devoid of any evidence regarding whether Richard Cecil Seymore was authorized to receive service on behalf of his father. We emphasize, however, that the burden was on the defendants to show by clear and convincing evidence that Donald Seymore's son was not authorized to receive service on his behalf. Since there is no testimony in the record, this court must look to the grounds presented in the defendants' Rule 60(b) motions, as well as to the matters presented to the court in support of their motions.Boles v. Hooper McDonald, Inc., 424 So.2d 634
(Ala.Civ.App. 1982). Donald Seymore's Rule 60(b) motion, however, does not contain any specific allegations regarding service of process. Furthermore, the motion is not accompanied by any affidavits or other supporting documentation to support the defendants' allegations. Accordingly, this court must conclude that the judgment is not void due to lack of personal service of process over Donald Seymore.
The defendants also contend that the judgment is void due to insufficient service of process over Fabric by the Pound. The summons and complaint for Fabric by the Pound was also accepted by Richard Cecil Seymore. The plaintiffs allege in their complaint that Richard Cecil Seymore "operates the [businesses] today and purports to be the owner thereof." Again, based on the fact that the defendants failed to show that Richard Cecil *Page 1219 
Seymore was not authorized to receive service for Fabric by the Pound, we must defer to the trial court's ruling.
The defendants further contend that Morgan and Sunshine never received a copy of the summons and complaint. We would note, however, that both Morgan and Sunshine filed individual motions to dismiss the plaintiffs' complaint for failure to allege a cause of action. Thus, we find that these defendants waived their right to assert the defense of improper service when they failed to raise that defense in their motion to dismiss.See, Rule 12(h)(1), Ala. R. Civ. P. See also Ex parte Dowling,506 So.2d 340 (Ala.Civ.App. 1986) (holding that any insufficiency of process or insufficiency of service of process was deemed waived when omitted from motion to dismiss). We would further note that both Richard Cecil Seymore and Fabrics II filed motions to dismiss and, thus, also waived their right to assert the defense of improper service.
We would note that it is not readily discernable whether the trial court held a hearing on the defendants' Rule 60(b) motions, because there is no transcript contained in the record. However, the case action summary sheet indicates a written notation of "oral 6/6" beside the defendants' requested relief from judgment. The trial court actually denied the motions on June 20, 1997. Furthermore, there is no evidence that the defendants ever requested a hearing.
As shown from the above, the defendants failed to meet their burden of proof. As such, this court cannot hold as a matter of law that the judgment was void or that the trial court abused its discretion in denying the Rule 60(b) motions on the ground of lack of and/or insufficient service of process.
The final issue we address is whether the default judgment entered against defendants Morgan, Sunshine, Richard Cecil Seymore, and Fabrics II is void based on their allegations that they never received notice of the default hearing. As noted previously, these individual defendants filed motions to dismiss the plaintiffs' complaint.
Rule 55(b)(2), Ala. R. Civ. P., states the following, in pertinent part:
 "If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. . . ."
The plaintiffs argue that the motions to dismiss filed by these individual defendants do not constitute an appearance because, they say, the motions contain nothing more than mere bare-boned, boiler-plate language. Alternatively, the plaintiffs argue that the defendants did receive notice of the default proceedings as required by Rule 55(b)(2) and that in order for these individual defendants to be entitled to relief under Rule 60(b), they must allege and prove facts which would constitute a good and meritorious defense.
It is well settled that an "appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court." Cockrell v. World's Finest Chocolate Co.,349 So.2d 1117, 1120 (Ala. 1977). In Hen House, Inc. v. Robertson,410 So.2d 42, 44 (Ala. 1982), our supreme court noted that "courts have refused to apply an overly technical and restrictive definition of 'appearance.' " In the instant case, the motions to dismiss included the name of the court, the style of the case, the case number, and the individual defendants' signatures. The trial court denied these motions. It is clear to this court that the defendants' motions to dismiss constituted an appearance. See, e.g., Southworth v. Universityof South Alabama Medical Center, 637 So.2d 896
(Ala.Civ.App. 1994) (holding that motion to quash complaint was appearance in nature of motion to dismiss); and Hayes v. Hayes,472 So.2d 646 (Ala.Civ.App. 1985) (holding that motion to quash service and motion to dismiss constituted appearance). In any event, after carefully reviewing the record, we conclude that these individual defendants had sufficient notice of the default proceedings.
As noted previously, the plaintiffs filed an entry of default and a default judgment against all the defendants. The record reveals that the plaintiffs sent Morgan, Sunshine, Richard Cecil Seymore, and Fabrics II (those defendants who had filed an appearance) notice of the filing of the application via *Page 1220 
certified mail. The certificate of service is dated February 10, 1997, and was filed with the trial court on February 13, 1997. As noted previously, the docket sheet and the case action summary sheet reflect that the trial court conducted a hearing on March 7, 1997. Thus, we conclude that the notice of the filing sent to these individual defendants constituted sufficient notice of the default proceedings.
We would further note that in most cases involving the issue of notice, the moving party usually maintains that he did not receive notice of the default judgment until after the default judgment was entered against him. In the instant case, the defendants neither admit nor deny that they had notice of the proceedings. Their only contention on appeal is that "[t]here is no evidence whatsoever that any defendant received notice of the March 7, 1997, hearing." The defendants admit that the docket sheet, which listed their case for a hearing, was available for their review. However, they seemingly take issue with the fact that their pro se status prevented them from having access to this information. It is well settled that "a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se. . . ." Ex parteWeeks, 611 So.2d 259, 262 (Ala. 1992). We would comment that none of the defendants asserted any other type of meritorious defense to the underlying lawsuit.
Based on our finding that none of the defendants in this case submitted evidence that, if properly supported, either constitutes a complete defense or creates issues that should be submitted to a jury, we conclude that the judgment based on default is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.