MOORE, Judge.
 

 Alvin Johnson and The Johnson Realty Company, Inc. (“Johnson Realty”), appeal the denial of their motion to set aside a default judgment. We reverse and remand.
 

 Procedural History
 

 Darryl Hall, Sr., and Sondra D. Hall filed a complaint in the Jefferson Circuit Court (“the trial court”) on September 24, 2007; as defendants, the Halls named Alvin Johnson and Johnson Realty. The Halls requested that the summonses and complaint be served on both defendants by certified mail at 1535 Warrior Road in Birmingham, which the Halls indicated was a proper address for Alvin Johnson, individually, and the address for Alvin Johnson, as Johnson Realty’s registered agent. On October 5, 2007, the certified-mail receipts were returned to the trial court clerk beai’ing illegible signatures.
 

 Neither Johnson nor Johnson Realty appeared in the action or responded to the complaint. On February 14, 2008, the Halls moved for a default judgment. The trial court denied that motion on February 25, 2008. On March 27, 2008, the case was dismissed for want of prosecution; however, on that same date, the trial court set aside its order of dismissal and restored the case to the active docket.
 

 On March 28, 2008, the Halls again moved for a default judgment. On April 3, 2008, the trial court entered a default judgment against both defendants and set a hearing on the issue of damages. On April 30, 2008, after hearing testimony and reviewing exhibits, the trial court entered a judgment (as subsequently amended) in favor of the Halls, awarding them $15,000 in compensatory damages and $30,000 in punitive damages.
 

 On April 30, 2008, Johnson and Johnson Realty jointly moved to set aside the default judgment. In support of this motion, Johnson submitted an affidavit, in which he attested that he and Johnson Realty had never received service of process of the Halls’ lawsuit, that Johnson Realty no longer did business at the address where the summonses and complaint had been served, and that he and Johnson Realty had valid defenses to the Halls’ claims. Johnson also submitted a copy of Johnson Realty’s 2007 annual report that had been filed with the Alabama secretary of state.
 

 At the same time, Johnson and Johnson Realty purported to jointly file an answer to the Halls’ complaint. In that answer, Johnson and Johnson Realty asserted their defenses to the Halls’ claims. Additionally, Johnson Realty purported to assert a counterclaim against the Halls alleging breach of contract and seeking specific performance.
 

 On May 16, 2008, the trial court heard arguments on the motion to set aside the default judgment and the Halls’ opposition thereto. On June 10, 2008, the trial court denied that motion. Johnson and Johnson Realty appeal, asserting that the trial court’s judgment is void for lack of personal jurisdiction and that the trial court exceeded its discretion in refusing to set aside the default judgment.
 

 Whether the Default Judgment Was Void for Improper Service
 

 Johnson and Johnson Realty moved to set aside the default judgment, asserting that the judgment was void because the Halls had failed to comply with the Alabama Rules of Civil Procedure governing service of process. “ ‘ “ ‘Failure of proper service under Rule 4 deprives a
 
 *1034
 
 court of jurisdiction and renders its judgment void.’ ” ’ ”
 
 Kingvision Pay-Per-View, Ltd. v.
 
 Ayers, 886 So.2d 45, 52 (Ala.2003) (quoting
 
 Russell Coal Co. v. Smith,
 
 845 So.2d 781, 783 (Ala.2002), quoting in turn
 
 Northbrook Indem. Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 (Ala.2000), quoting in turn
 
 Ex parte Pate,
 
 673 So.2d 427, 428-29 (Ala.1995)). In reviewing a trial court’s ruling on a motion to vacate a default judgment on the ground that the judgment was void, this court applies a de novo standard of review.
 
 Kingvision,
 
 886 So.2d at 51.
 

 Rule 4(c)(6), Ala. R. Civ. P., provides that a corporation may be served “by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” Pursuant to statute, every corporation doing business in Alabama must maintain with the Alabama secretary of state a registered agent and a registered address.
 
 See
 
 § 10-2B-5.01, Ala.Code 1975. This “registered agent” is, as a matter of Alabama law, the corporation’s agent “for service of process, notice, or demand required or permitted by law to be served on the corporation.” § 10-2B-5.04(a), Ala.Code 1975.
 

 In its June 10, 2008, order denying the motion to set aside the default judgment, the trial court stated that
 

 “[t]he summons and complaint were served via certified mail to the registered agent’s address listed with the Secretary of State’s office. The registered agent’s address listed at the Alabama Secretary of State’s office is and has always been:
 

 “The Johnson Realty Co., Inc.
 

 c/o Alvin Johnson Registered Agent
 

 1535 Warrior Road
 

 Birmingham, AL 35218.”
 

 Although nothing in the record definitively establishes the registered address of Johnson Realty at the time the Halls’ complaint was served, the Halls’ complaint specifically indicated that “1535 Warrior Road” was the address of Alvin Johnson, as Johnson Realty’s registered agent. Additionally, corporate records for Johnson Realty maintained by the Alabama secretary of state reveal that, until August 27, 2008, the address of the registered agent for Johnson Realty and the corporation’s registered address was 1535 Warrior Road.
 
 [1]
 
 On August 27, 2008, Johnson Realty formally changed the registered address of the corporation in accordance with § 10-2B-5.02, Ala.Code 1975. However, that change was not effective until August 2008, and the summonses and complaint at issue in this case were served in October 2007. Thus, 1535 Warrior Road remained the registered agent’s address as of October 2007. Accordingly, 1535 Warrior Road was a proper address for service of process as of October 2007.
 

 This court may take judicial notice of public records.
 
 See
 
 Rule 201(b), Ala. R. Evid. (setting forth the type of fact of which a court may take judicial notice as “one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accu
 
 *1035
 
 racy cannot reasonably be questioned”).
 
 See also Broadway v. Alabama Dry Dock & Shipbuilding Co.,
 
 246 Ala. 201, 212, 20 So.2d 41, 51 (1944) (opinion on rehearing) (recognizing that the Alabama Supreme Court takes judicial notice of the director of the Department of Industrial Relations’ annual report to the governor);
 
 El Escorial Owners’ Ass’n v. DLC Plastering, Inc.,
 
 154 Cal.App.4th 1337, 1367, 65 Cal.Rptr.3d 524, 548 (2007) (taking judicial notice of California’s secretary of state’s records indicating suspension of corporate status);
 
 Polley v. Allen,
 
 132 S.W.3d 223, 226 (Ky.Ct.App.2004) (“A court may properly take judicial notice of public records and governmental documents, including public records and governmental documents available from reliable sources on the internet.”);
 
 Hernandez v. Frohmiller,
 
 68 Ariz. 242, 258, 204 P.2d 854, 865 (1949) (recognizing that an appellate court “may take judicial notice of the records of the secretary of state”); and
 
 Hillier v. Lake View Mem’l Park, Inc.,
 
 208 Wis. 614, 622, 243 N.W. 406, 409 (1932) (taking judicial notice of incorporation records in the office of secretary of state). Because in 2007 Johnson Realty’s registered address for service of process was 1535 Warrior Road, the summonses and complaint were properly delivered to that address in October 2007.
 
 [2]
 

 However, simply because the summonses and complaint were delivered to the proper address does not necessarily compel the conclusion that the proper persons were served with the summonses and complaint.
 
 See, e.g.,
 
 § 10-2B-5.04, Ala.Code 1975 (addressing how to obtain service of process on corporations); and Rule 4(c), Ala. R. Civ. P. (addressing how to obtain proper service of process on corporations and individuals). In an affidavit submitted to the trial court, Johnson asserted that he and Johnson Realty had never received the summonses and complaint. It was undisputed before the trial court that the signatures on the certified-mail receipts returned to the trial court clerk were illegible. Neither the Halls nor Johnson and Johnson Realty attempted to identify to whom those signatures belonged. Thus, there was no evidence presented to establish that Johnson, as the registered agent of Johnson Realty, or any other officer or authorized agent of Johnson Realty, had been served with the summons and complaint issued to Johnson Realty; there also was no evidence presented to establish that Johnson or his duly authorized agent had been served with the summons and complaint.
 

 The Halls rely on
 
 Seymore v. Taylor,
 
 716 So.2d 1216 (Ala.Civ.App.1997), as support for their argument that the return receipts received by the trial court clerk bearing signatures presumptively established that service of process was properly made in this case and that Johnson and Johnson Realty bore the burden of proof in challenging that presumption. In
 
 Sey-more,
 
 this court concluded that the sheriffs return of service established that a summons and complaint had been served and accepted and that the party challenging that service bore the burden of establishing a lack of service by clear and con
 
 *1036
 
 vincing proof.
 
 Id.
 
 at 1218. Because the defendants in.
 
 Seymore
 
 failed to present clear and convincing proof to establish that the person who had accepted service on behalf of the corporate defendant and the individual defendant lacked authority to do so, this court affirmed the trial court’s denial of the motion to set aside the default judgment.
 
 Id.
 

 However, in
 
 Northbrook Indemnity Co. v. Westgate, Ltd.,
 
 769 So.2d 890 (Ala.2000), our supreme court rejected a similar argument. In
 
 Northbrook,
 
 the court stated:
 

 “Westgate, relying on
 
 Insurance Management & Administration, Inc. v. Palomar Insurance Corp.,
 
 [590 So.2d 209 (Ala.1991) ], argues that Northbrook had the burden of proving by clear and convincing evidence that 51 West Higgins Road was not one of its usual places of business. We disagree. In
 
 Palomar Insurance,
 
 this Court held that a presumption of service in accordance with Rule 4.2(b)(1), Ala. R. Civ. P., arises upon a showing of the certified-mail return receipt and ‘the circuit court clerk’s notation [on the docket sheet] that the process has been properly mailed.’ 590 So.2d at 213. To rebut this presumption, the challenging party ‘bears the burden of establishing lack of service by clear and convincing evidence.’
 
 Id.
 
 Thus,
 
 Palomar Insurance
 
 merely establishes a presumption of compliance with Rule 4.2(b)(1); that is, that the court clerk mailed the process and the person signing the certified-mail receipt received the process.
 
 Palomar Insurance
 
 does not establish a presumption that a defendant was served in compliance with Rule 4(c), which indicates ‘upon whom process [is to be] served.’ Thus, North-brook did not bear the burden of proving by clear and convincing evidence that 51 West Higgins Road was not one of its usual places of business.”
 

 Northbrook Indemnity,
 
 769 So.2d at 898 n. 4.
 

 Under the rationale of
 
 Northbrook Indemnity,
 
 the only presumption created in this case by the trial court clerk’s mailing of 'the summonses and complaint to 1535 Warrior Road and the subsequent return of the signed certified-mail receipts from that address was a presumption that the process had been properly mailed and properly delivered to 1535 Warrior Road. Standing alone, service of process at the proper address did not give rise to a presumption that the proper person was served. Additionally, Johnson and Johnson Realty did not bear the burden of proving that the proper person was not served.
 
 Northbrook Indemnity, supra.
 
 To the extent
 
 Seymore v. Taylor
 
 is inconsistent with this reading of
 
 NoHhbrook Indemnity, Seymore
 
 is hereby overruled.
 

 The record fails to establish that Johnson and Johnson Realty were properly served. Johnson denies receiving the documents in his individual capacity or in his capacity as the registered agent for Johnson Realty. The signatures on the return receipts do not offer any assistance because they are illegible. The record contains no other evidence to establish that an authorized agent for either defendant was served with process.
 

 We find support for our result in the Committee Comments to Rule 4. In addressing service on an individual, the Committee Comments to the August 1, 1992, Amendment to Rule 4(c)(1), state:
 

 “[C]ourts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant. On motion to set aside a default or on motion for relief from a default, where service has been attempted on a person alleged to be or purporting to be an
 
 *1037
 
 agent, no presumption of agency should be indulged in with respect to such service and the court should be satisfied that the person upon whom service was attempted was in fact the authorized agent of the defendant before refusing to grant relief from a default judgment.”
 

 In addressing service on a corporation, the Committee Comments to the Amendment to Rule 4 effective August 1, 2004, state:
 

 “The former provision allowing corporations and other business entities to be served by certified mail at any of their usual places of business has been eliminated. Now, personal or certified mail service must be directed to the registered or appointed agent or to a specific person, such as an ‘officer.’ ”
 

 Further, “strict compliance with the rules regarding service of process is required.”
 
 Ex parte Pate,
 
 673 So.2d at 429. “[D]e-fault judgments are not favored by the courts, and [the] discretion to grant [a default judgment] should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof.”
 
 Colvin v. Colvin,
 
 628 So.2d 802, 803 (Ala.Civ.App.1993).
 
 See also Montgomery County Bd. of Educ. v. Addison,
 
 3 So.3d 885, 886 (Ala.Civ.App.2008) (concluding that service of process had not been properly made on school board because no evidence was presented indicating that the employee served was an agent of the school board authorized to receive service; as a result, this court concluded that the trial court had erred in denying school board’s motion to set aside default judgment).
 

 Because the record fails to establish that service was properly made on either Johnson or Johnson Realty, we conclude that the trial court did not obtain personal jurisdiction over either defendant. Thus, the default judgment entered in favor of the Halls is due to be set aside.
 
 See Kingvision,
 
 886 So.2d at 52. We, therefore, reverse the default judgment entered by the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Further, Johnson claimed in his affidavit, submitted in the trial court, that Johnson Realty no longer did business at 1535 Warrior Road. However, the 2007 annual report for Johnson Realty, submitted into evidence by Johnson and Johnson Realty, indicated that Johnson Realty's general business address was 1535 Warrior Road. Thus, it was undisputed that, in 2007, Johnson Realty's general business address was 1535 Warrior Road— the very location to which the summonses and complaint were delivered.
 

 [2]
 

 . To support their argument that the corporation's registered address had been changed and that they were no longer located at 1535 Warrior Road in October 2007, Johnson and Johnson Realty submitted a copy of Johnson Realty’s 2007 annual report filed with the Alabama secretary of state. Although that document did, in fact, list a different address fer Johnson Realty, the filing of an annual report by a corporation does not change a corporation's registered agent or its address for service of process.
 
 See
 
 § 10-2B-5.02, Ala.Code 1975 (setting forth the official procedure for changing a corporation's registered address with the secretary of state).