THOMAS, Judge.
In July 2002, McCrory & Williams, Inc., filed a complaint in the Baldwin Circuit Court seeking a judgment awarding it $12,713.08 due on a verified account plus interest, from Leon Allen. The sheriffs return-of-service form indicates that the complaint was served by leaving it with Bennie Richardson at Allen’s place of business in Daphne on September 18, 2002. Allen never answered the complaint or otherwise defended the action, and the trial court entered a default judgment awarding McCrory & Williams the amount of $14,044.28, plus court costs, on November 1, 2002 (“the 2002 default judgment”).
In July 2009, James G. Curenton filed a notice of appearance in the action, in which he stated that he was representing Allen; however, Curenton filed no pleadings or motions on behalf of Allen. On February 28, 2011, acting pro se, Allen filed a claim of exemption from garnishment. Because collection efforts had been unsuccessful and because the 2002 default judgment was nearly 10 years old, McCrory & Williams revived the judgment in September 2012. See Ala.Code 1975, § 6-9-192 (“No execution shall issue on a judgment of the district or circuit court on which an execution has not been sued out within 10 years of its entry until the same has been revived by appropriate motion or action under the Alabama Rules of Civil Procedure.”).
On July 23, 2013, Allen filed a motion for relief from the 2002 default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.; in the motion, Allen asserted that the sum *1020 mons and complaint had been left with Richardson at Allen’s place of business and that Allen had, therefore, not been properly served under Rule 4(c)(1), Ala. R. Civ. P. Rule 4(c)(1) requires that an individual be personally served at his or her dwelling place or that the summons and complaint be left at the dwelling place with a person of suitable age and discretion at that location; Rule 4(c)(1) also authorizes service on an individual by delivery of the summons and complaint to “an agent authorized by appointment or by law to receive service of process.”[1] Allen testified in his affidavit, which he attached to his motion, that the address to which the summons and complaint were delivered was not his “dwelling place” and that Richardson was not “an agent authorized by appointment or by law to receive service of process.” Thus, Allen contended that he had not been properly served, that the 2002 default judgment was therefore void for lack or personal jurisdiction, and that the 2002 default judgment should be set aside. See Ex parte Pate, 673 So.2d 427, 428-29 (Ala.1995) (“Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.”).
MeCrory & Williams responded to Allen’s motion. In its response, MeCrory & Williams argued that Allen had not specifically denied that he had received the summons and complaint. Further, MeCrory & Williams argued that Allen had failed to allege a meritorious defense in support of his motion and that Allen’s Rule 60(b) motion had not been timely filed. The response also contained allegations that Allen’s former counsel had engaged in negotiations regarding the debt between March 2003 and April 2009 without disputing the validity of the debt and that further representations had been made by Allen’s former counsel regarding settling the debt in 2010, 2011, and 2012. No affidavit accompanied the response, and nothing in the response attempted to establish that Richardson was an agent authorized to receive service of process on Allen’s behalf.
Allen replied to MeCrory & Williams’s response by pointing out that a party seeking relief from a default judgment in a Rule 60(b)(4) motion, which seeks relief from a judgment on the basis that the judgment is void, is not required to establish a meritorious defense. See Ex parte Wilson Lumber Co., 410 So.2d 407, 409 (Ala.1982) (stating that “it was unnecessary for [the movant] to have alleged a meritorious defense in his motion to vacate the default judgment for want of proper service”); Raine v. First Western Bank, 362 So.2d 846, 848 (Ala.1978) (stating that if a judgment is void, a Rule 60(b)(4) mov-ant is not required to make a showing of a meritorious defense). He further pointed out that a Rule 60(b)(4) motion is not required to be filed within a reasonable time or within three years of the entry of the judgment being attacked and may, in fact, be brought at any time. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala.2003) (determining that a Rule 60(b)(4) motion was not subject to the reasonable-time requirement of Rule 60(b) and could be brought at any time); see also Hooie v. Barksdale, 93 So.3d 942, 944 *1021 (Ala.Civ.App.2012) (“A motion brought under Rule 60(b)(4) is not subject to the reasonable-time requirement of Rule 60(b) and may be brought at any time.”). Finally, Allen noted that none of the arguments or allegations raised in McCrory & Williams’s response refuted his assertion that Richardson was not an agent authorized to receive service of process on Allen’s behalf.
On August 27, 2013, the trial court entered an order granting Allen’s Rule 60(b) motion, declaring the 2002 default judgment void for lack of proper service, and setting aside the 2002 default judgment. McCrory & Williams filed a motion requesting that the trial court reconsider its order granting Allen’s Rule 60(b) motion on September 6, 2013; the trial court denied that motion on September 12, 2013.[2] McCrory & Williams then timely filed this petition for the writ of mandamus on October 4, 2013.[3] It seeks a writ of mandamus directing the trial court to set aside its order setting aside the 2002 default judgment.
“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)). A petition for the writ of mandamus is a proper method for attacking the grant of a Rule 60(b) motion. See Ex parte Baker, 459 So.2d 873 (Ala.1984).”
Ex parte A & B Transp., Inc., 8 So.3d 924, 931 (Ala.2007).
McCrory & Williams first argues in its petition that the trial court could not have determined that the 2002 default judgment was void for insufficiency of service of process because Curenton’s July 2009 notice of appearance in the action and Allen’s filing of his pro se claim for exemption from garnishment in 2011 each amounted to a general appearance by Allen and, thus, both filings waived Allen’s argument regarding insufficiency of service of process. See Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45, 53 (Ala.2003) (quoting Lonning v. Lonning, 199 N.W.2d 60, 62 (Iowa 1972)) (explaining that a general appearance waives objections regarding personal jurisdiction and insufficiency of service of process and that “‘[a] general appearance is a waiver of notice and if a party appears in person or by attorney he submits himself to the jurisdiction of the court’”); Simmons v. Simmons, 99 So.3d 316, 320 (Ala.Civ.App.2011) (holding that “[an attorney’s] filing a notice of appearance on behalf of [his or her client] constitute^] a waiver of service of process by [the client]”); Klaeser v. Milton, 47 So.3d 817, 821 (Ala.Civ.App.2010) (noting that “a defendant waives the *1022 defense of improper service of process if that defendant does not raise the issue in his or her first appearance following the entry of a default judgment”); see also Faucette v. Dickerson, 103 N.C.App. 620, 624, 406 S.E.2d 602, 605 (1991) (determining that a motion to claim exempt property was a general appearance). Although this argument has significant merit, we must reject it. Allen contends that McCrory & Williams did not raise either waiver argument to the trial court. McCrory & Williams insists that it did raise the waiver arguments in its September 6, 2013, motion seeking reconsideration of the trial court’s order granting Allen’s Rule 60(b)(4) motion.
A review of the September 6, 2013, motion indicates that McCrory & Williams mentioned certain facts upon which its waiver arguments are based. For example, the September 6, 2013, motion states that Curenton filed a notice of appearance in 2009 and that the notice of appearance was “not a limited notice of appearance but a general appearance on behalf of’ Allen. The motion also states that Allen filed “his own claim of exemptions.” According to the motion, Allen “unequivocally was in front of this court in July of 2009 with the appearance filed by Mr. Curenton on Mr. Allen’s behalf.” However, other than these isolated factual statements, McCrory & Williams presented no legal argument in the September 6, 2013, motion resembling an argument that' Allen had waived his objection to the insufficiency of service of process. The only legal argument asserted in McCrory & Williams’s motion was that Allen’s Rule 60(b)(4) motion had not been filed within a reasonable time. We have stated before that a “cryptic statement” by a party’s attorney that fails to apprise the trial court of the specific legal argument being made and the authority for such argument is not sufficient to preserve that legal argument for appellate review. Simmons, 99 So.3d at 323-24. We conclude that McCrory & Williams failed to raise before the trial court the waiver arguments it now makes; thus, we may not consider those arguments on our review of this mandamus petition. Ex parte Green, 108 So.3d 1010, 1013 (Ala.2012) (rejecting an argument on mandamus review that had not been raised before the trial court).
McCrory & Williams also argues “alternatively” that Allen’s Rule 60(b) motion was time-barred. However, this argument is not an alternative argument. Instead, McCrory & Williams asserts that because, it contends, Allen waived his insufficiency-of-service-of-process argument (a conclusion that we cannot reach, as explained above), the trial court could not have determined that the 2002 default judgment was void, and, therefore, Allen’s motion could have been considered only to be an independent action to set aside the 2002 default judgment, which was required to have been brought within three years of the judgment. See Rule 60(b). This argument is misguided.
Allen’s motion clearly reqhests that the trial court set aside the 2002 default judgment on the ground that service of process was insufficient. The motion is a Rule 60(b)(4) motion and only a Rule 60(b)(4) motion. If, as McCrory & Williams contends, the 2002 default judgment was not void, then the trial court would have been required to deny the motion, not to treat the motion as an independent action under Rule 60(b). McCro-ry & Williams has mistakenly relied on the legal principle that a Rule 60(b)(3) motion seeking relief from a judgment on the basis of fraud, which must be filed within four months of the entry of the judgment, and an independent action under Rule 60(b) seeking relief from a judgment on the basis of fraud on the court, which must be filed within three years of the entry of *1023 the judgment, are generally considered interchangeable, depending on which one is procedurally appropriate. Taylor v. Newman, 93 So.3d 108, 114 n. 4 (Ala.Civ.App.2011) (citing Warren v. Riggins, 484 So.2d 412, 414 (Ala.1986), and Committee Comments on 1973 Adoption of Rule 60). However, a Rule 60(b)(4) motion, which may be brought at any time, need not be brought as an independent action. Thus, this argument does not entitle McCrory & Williams to the relief it seeks.
Finally, McCrory & Williams argues that Allen did not establish by clear and convincing evidence that service of process was not properly accomplished. McCrory & Williams contends that the sheriffs return-of-service form is considered prima facie evidence of proper personal service and that the uncorroborated statement of a defendant will not invalidate a signed return-of-service form. See Mitchell Bros. Contractors, Inc. v. Benson, 450 So.2d 138, 139 (Ala.Civ.App.1984). Although those general principles are correctly stated, they have limited application in the present case because it is uncontra-dicted that Allen did not sign the return; the return was signed by Richardson, who Allen has stated was not authorized to receive service of process on his behalf.
McCrory & Williams relies, in significant part, on the decision of this court in Seymore v. Taylor, 716 So.2d 1216, 1218 (Ala.Civ.App.1997), in which this court held that, based on the presumption created by a signed sheriffs return-of-service form, the burden was on the defendant to show, by clear and convincing evidence, that the person who received the summons and complaint was not authorized to receive service on behalf of that defendant. Seymore, 716 So.2d at 1218. However, Seymore was overruled by Johnson v. Hall, 10 So.3d 1031 (Ala.Civ.App.2008), in which this court determined that the presumption raised by signed certifíed-mail receipts did not place the burden on the defendants to prove that the proper parties were not served; instead, this court held, the certified-mail receipts established only that the summonses and complaints were properly mailed and delivered to the addresses to which the mail was sent. Johnson, 10 So.3d at 1037. To reach this conclusion, we. relied on our supreme court’s statement in Northbrook Indemnity Co. v. Westgate, Ltd., 769 So.2d 890, 893 n. 4 (Ala.2000), that a signed certifíed-mail receipt raises a presumption that the summons and complaint were properly mailed pursuant to Rule 4.2(b)(1), Ala. R. Civ. P., and that the person who signed the receipt received the summons and complaint but does not raise a presumption that the proper defendant was properly served under Rule 4(c), Ala. R. Civ. P. We stated in Johnson: “Standing alone, service of process at the proper address did not give rise to a presumption that the proper person was served.” Johnson, 10 So.3d at 1036. Thus, McCrory & Williams’s reliance on Seymore is misplaced, and it was not incumbent upon Allen to prove by clear and convincing evidence that he was not properly served.
As was the case in Johnson, the materials in the present case (which consist of the exhibits to the petition and the answer provided to us) do not establish that Allen was properly served either personally or by leaving the summons and complaint with a person of suitable age and discretion at Allen’s “dwelling place” or by delivering the summons and complaint to a person authorized to receive service of process for Allen. Allen’s affidavit, like the affidavit in Johnson, established that Richardson was not authorized to receive service for Allen. McCrory & Williams presented no contrary evidence indicating that Richardson was so authorized. Thus, based on Johnson, the trial *1024 court had before it uncontradicted evidence indicating that the 2002 default judgment was void because Allen had not been properly served. Johnson, 10 So.3d at 1033-34 (quoting Kingvision, 886 So.2d at 52, quoting in turn other cases) (“ ‘ “ ‘ “Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.” ’ ” ’ ”). The trial court properly granted Allen’s Rule 60(b)(4) motion and set aside the 2002 default judgment because that judgment was, based on the evidence before the trial court and the arguments presented to it, void.
We must therefore conclude that McCrory & Williams is not entitled to the relief it seeks. McCrory & Williams has failed to establish a clear, legal right to a writ of mandamus directing the trial court to set aside its order setting aside the 2002 default judgment. This petition is therefore denied.
Allen’s motion to strike the petition is also denied. McCrory & Williams’s motion for leave to submit a reply to the answer to the petition is granted.
PETITION DENIED.
THOMPSON, P.J., and MOORE and DONALDSON, JJ., concur.
PITTMAN, J., recuses himself.

. Rule 4(c)(1) reads, in its entirety, as follows:
"Service of process, except service by publication as provided in Rule 4.3, [Ala. R. Civ. P.,] shall be made as follows:
"(1) Individual. Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.”

. We note that McCrory & Williams’s September 6, 2013, motion was not a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., because the order granting the Rule 60(b)(4) motion was an interlocutory order and not a final judgment capable of supporting an appeal. See Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047, 1049 n. 2 (Ala.1996) (stating that, typically, an order granting a Rule 60(b) motion is an interlocutory order); see also Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003) (quoting Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App. 1999)) (explaining that a "‘Rule 59 motion may be made only in reference to a final judgment’ ”).

. The petition was filed within 42 days of the entry of the August 27, 2013, order granting Allen’s Rule 60(b)(4) motion. See Rule 21(a)(3), Ala. R.App. P.