MOORE, Judge.
Tyler Blake Pruitt ("the father") petitions this court for a writ of mandamus directing the Blount Circuit Court ("the trial court") to vacate its pendente lite order awarding William Parkins and Donna Parkins ("the maternal grandparents") visitation with S.B.P. ("the child"), his child with Ashley Parkins Pruitt ("the mother"). We deny the father's petition.
Procedural History
On March 16, 2015, the father filed a complaint for a divorce from the mother. On March 25, 2015, the trial court entered a temporary order in the divorce action, setting a temporary schedule for custody and visitation for the mother and the father in accordance with an agreement that had been reached between the mother and the father. Thereafter, on May 11, 2015, the trial court entered a pendente lite order memorializing an agreement of the father and the mother that, among other things, awarded them pendente lite joint physical custody of the child. The mother filed, on September 9, 2015, a motion to continue the trial of the divorce action that was scheduled for September 29, 2015, asserting, among other things, that there were criminal charges pending against her that would not be resolved before the scheduled trial date and that she anticipated the father's seeking to introduce at the trial of the divorce action evidence related to the pending criminal charges. The mother invoked her constitutional right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution and requested a stay of the divorce proceedings. The trial court granted the mother's motion to continue, noting that the case would be reset on the motion of either party.
On August 15, 2016, the trial court entered an order awarding pendente lite physical custody of the child to the father, subject to the mother's visitation as specified in the order. In accordance with a plea agreement, the mother pleaded guilty and was sentenced on the criminal charges. The mother was subsequently ordered to turn herself in at the Blount County Jail on July 2, 2018, to begin serving her sentence. On July 3, 2018, the father filed in the divorce action a motion to immediately dissolve the stay and to set the matter for a trial. The trial court reset the divorce action for a trial on November 29, 2018.
On September 11, 2018, the maternal grandparents filed a motion to intervene in the divorce action and a petition seeking grandparent visitation with the child, pursuant to Alabama's Grandparent Visitation Act ("the GVA"), § 30-3-4.2, Ala. Code 1975. On that same date, the maternal grandparents filed a motion for an expedited hearing on their request for pendente lite grandparent visitation. On October 16, 2018, the same day the trial court held a *1150 hearing on the maternal grandparents' request for pendente lite visitation, the father filed a response to the maternal grandparents' motion to intervene and their petition for grandparent visitation, in which he argued, among other things, that the GVA is unconstitutional, both on its face and as applied in this particular case. The certificate of service on the father's response listed counsel for the maternal grandparents, the guardian ad litem, and the attorney general.
On October 24, 2018, the trial court entered an order awarding the maternal grandparents pendente lite visitation with the child on two separate occasions between the entry of the order and the final hearing -- on October 26 through October 28 and on November 16 through November 18. The father filed, on that same date, a motion to vacate or, in the alternative, to stay the trial court's order until such time as the constitutionality of the GVA could be addressed by the trial court or this court. By entry on the case-action-summary sheet, the trial court denied the father's motion on October 25, 2018. On October 26, 2018, the father timely filed his mandamus petition with this court. That same day, he filed a request for an emergency stay of the trial court's October 24, 2018 order; on October 26, this court granted a stay, pending further order by this court.
Standard of Review
" ' "A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala. 2004). A writ of mandamus is 'appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)." ' "
Ex parte Brown, 963 So.2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So.2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005) ).
Analysis
The father argues that the trial court's award of pendente lite visitation to the maternal grandparents is due to be vacated because, he says, the GVA is unconstitutional on its face and as applied in the present case and because the trial court failed to comply with § 30-3-4.2(o ), Ala. Code 1975, a part of the GVA, in entering the pendente lite visitation award. We address the father's arguments out of turn.
Section 30-3-4.2(o ) provides, in pertinent part, that, following a hearing, if the court determines from the evidence that certain circumstances exist and has given special weight to the fundamental right of a fit parent to decide which associations are in the best interest of his or her child, the court may enter a pendente lite order awarding visitation rights to a grandparent, pending the entry of a final judgment. The father argues in his mandamus petition that his due-process rights were violated by the failure of the trial court to hold an evidentiary hearing, as required by § 30-3-4.2(o ), before awarding pendente lite visitation to the maternal grandparents. We note, however, that the father failed to argue before the trial court in his motion to vacate that his due-process rights had been violated or that the trial court had failed to comply with § 30-3-4.2(o ). Accordingly, this court may not consider that argument by the father in our review of this mandamus petition, and the petition is due to be denied as to that argument. See *1151 Ex parte McCrory & Williams, Inc., 155 So.3d 1018, 1022 (Ala. Civ. App. 2014) (concluding that this court could not consider an argument on mandamus review that had not been raised before the trial court).
With regard to the father's assertion that his petition is due to be granted based on his facial challenge to the constitutionality of the GVA, we note that the attorney general filed with this court a motion to dismiss the father's mandamus petition as untimely filed. Specifically, the attorney general argues that it received a copy of the document the father filed in the trial court on October 16, 2018, challenging the constitutionality of the GVA; that the father filed his petition for the writ of mandamus with this court on October 26, 2018; that the attorney general was unaware of the filing of the father's petition with this court; and that, on October 31, 2018, the attorney general filed in the trial court a response to the father's constitutional challenge to the GVA. Section 6-6-227, Ala. Code 1975, provides, in pertinent part, that, in any proceeding where a statute is alleged to be unconstitutional, "the Attorney General of the state shall ... be served with a copy of the proceeding and be entitled to be heard." In the present case, the father admits that the trial court has not ruled on the father's claim that the GVA is unconstitutional on its face. In his motion to vacate, the father requested a stay of the trial court's pendente lite visitation order until the constitutionality of the GVA has been determined "by the Courts of this state, or this court itself." (Emphasis added.) Thus, the father concedes that the trial court has not yet ruled on the constitutional question presented. In his answer to the father's mandamus petition, the attorney general asserts that he is not arguing that the father's notice to the attorney general was ineffective but, rather, that that "notice is meaningless if it is not accompanied by a reasonable opportunity to be heard."
In Cole v. Sylacauga Hospital Board, 269 Ala. 405, 409, 113 So.2d 200, 204 (1959), our supreme court stated, in interpreting the predecessor to § 6-6-227, that, when "the unconstitutionality of a statute is alleged, the record must show service on the Attorney General before the lower court has jurisdiction to proceed to a declaration of rights." (Emphasis added.) Likewise, in Ex parte Gentry, 238 So.3d 66, 74 (Ala. Civ. App. 2017), this court, in considering whether it had jurisdiction to decide a facial constitutional challenge to the GVA, stated:
"Under Rule 4(i)(2)[, Ala. R. Civ. P.], denoting in a certificate of service that a copy of a complaint (or, in this case, a counterclaim) has been sent by certified mail to a defendant does not accomplish service by certified mail. The materials before this court contain neither a notation on the docket sheet by the circuit clerk nor an 'Affidavit of Certified Mailing of Process and Complaint' to indicate that service by certified mail was properly accomplished. Based on the materials before this court, and in light of the attorney general's statement that he did not receive proper service of the father's facial constitutional challenge to § 30-3-4.2(o )[, Ala. Code 1975 ], we must conclude that the father has not demonstrated that he properly served the attorney general by certified mail. Because the attorney general was not properly served, the trial court lacked, and this court lacks, jurisdiction to decide the father's facial constitutional challenge to the GVA or, more specifically, to § 30-3-4.2(o )."
The attorney general submitted in his answer to the father's petition before this court a copy of a brief filed in the trial court by the attorney general on October 31, 2018, speaking to the constitutionality of the GVA. Thus, unlike in Gentry, the attorney general concedes that he has received *1152 service of the father's constitutional challenge. The trial court's pendente lite visitation order, however, was entered before the attorney general had the opportunity to be heard on the facial constitutionality of the GVA. Thus, § 6-6-227 was not complied with insofar as it requires that the attorney general be entitled to be heard on that issue. Accordingly, the issue of the facial constitutionality of the GVA was not properly before the trial court at the time its pendente lite visitation order was entered. The trial court did not address that issue in its order, and, accordingly, this court may not consider the issue, which is presented for the first time in the father's petition before this court. See Ex parte McCrory, supra.
With regard to the father's argument that the GVA is unconstitutional as it was applied to him, we note that the trial court did not expressly address that argument in its pendente lite visitation order. In Ex parte J.W.B., 230 So.3d 783, 790 (Ala. 2016), our supreme court observed that, "[i]f a party makes a constitutional argument to the trial court before a decision in the case is rendered, the constitutional issue is preserved for appellate review." In the present case, although the father's facial constitutional challenge to the GVA was not properly presented to and was not before the trial court at the time it entered its pendente lite visitation order, the father was not required to serve the attorney general before asserting his "as applied" challenge to the GVA. See Ex parte Gentry, 238 So.3d at 75 ("A party need not serve the attorney general to assert an 'as applied' challenge to a statute."). The father raised his "as applied" challenge to the GVA in a document filed the same day as the hearing on the maternal grandparents' request for pendente lite visitation; however, the trial court's order awarding pendente lite grandparent visitation was not entered until several days later. Accordingly, that issue was preserved for this court's review, pursuant to J.W.B., supra.
In Ex parte Gentry, supra, this court considered the evidence presented in support of the pendente lite grandparent-visitation award at issue in that case and determined that the award unconstitutionally infringed on Michael Gentry's fundamental right to control the associations of his children. 238 So.3d at 77-83. In the present case, the father argues in his mandamus petition that the GVA is unconstitutional as applied to him because, he says, he had offered the maternal grandparents visitation with the child subject to certain conditions that the maternal grandparents refused to comply with, which, he says, prompted them to file for court-ordered visitation pursuant to the GVA. According to the father, the trial court substituted its own judgment regarding the child's best interest for the father's judgment, in contravention of a parent's fundamental right to rear his or her children. See, e.g., Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).
The father asserted in his response to the maternal grandparents' motion to intervene and their petition for grandparent visitation that he had offered conditional visitation to the maternal grandparents, that they had refused that conditional visitation, and that the GVA does not allow a court to substitute its judgment for that of a fit parent without just cause. The father asserts in his mandamus petition that no evidence was presented at the hearing on the maternal grandparents' request for pendente lite visitation. The materials presented to this court do not include a transcript of that hearing; therefore, we can not determine what was argued by the parties' attorneys or whether the opportunity to present evidence at that hearing was presented. Rather, the trial court's order indicates only that the award of *1153 pendente lite visitation was entered over the father's attorney's objection. Because a transcript of the hearing is not included in the materials before this court, we have no way of knowing what transpired during that hearing. See Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1228 (Ala. 2009) ("When this Court considers a petition for a writ of mandamus, the only materials before it are the petition and the answer and any attachments to those documents."). Further, the materials attached to the father's mandamus petition do not indicate that the father requested to present evidence at the hearing or that he was denied that opportunity. See, e.g., Ex parte A.J., 108 So.3d 1040, 1045 (Ala. Civ. App. 2012) (noting that issuing a writ of mandamus directing the trial court to vacate an order for failure to first conduct an evidentiary hearing without evidence that such a hearing was requested leaves open the possibility that this court would hold the trial court in error for failing to grant relief that was never requested).
In Ex parte Dumas, 259 So. 3d 669 (Ala. Civ. App. 2018), this court considered a petition for the writ of mandamus filed by Paul W. Dumas, seeking to vacate an award of custody of Dumas's children to their maternal grandmother. Specifically, Dumas argued, among other things, that the award of custody to the maternal grandmother had been entered without notice to him. This court noted, however, that the trial court had entered an order indicating that a hearing had been held on a motion to set aside the custody order and that the father and his attorney had been present at that hearing. This court observed, in pertinent part:
"No transcript of that hearing is before this court, so we cannot determine whether the father made a general appearance or a special appearance, whether the parties were given an opportunity to present evidence and declined, or otherwise what took place at that hearing. 'An appellate court does not presume error; the [petitioner] has the affirmative duty of showing error.' Greer v. Greer, 624 So.2d 1076, 1077 (Ala. Civ. App. 1993). Without a transcript indicating that the father made a special appearance, that the parties were denied the opportunity to present evidence, or other error, we must presume that the trial court's hearing on November 2, 2017, cured any deficiency in notice that previously existed. Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191, 193 (1961)."
259 So. 3d at 672. Likewise, in the present case, although we agree with the father that § 30-3-4.2(o ) contemplates an evidentiary hearing before the entry of an order awarding grandparent visitation, there is no indication in the materials before this court that, among other things, the parties were denied the opportunity to present evidence at the hearing or that the parties did not otherwise agree to rely on documentary evidence that had already been submitted before the trial court. Because the father has failed to show a clear legal right to the vacation of the pendente lite order with regard to his "as applied" constitutional challenge to the GVA, his petition is due to be denied as to that issue.
Mandamus is an extraordinary remedy, and the burden of demonstrating the clear legal right to relief was on the father. As outlined above, the father has not demonstrated a clear legal right to relief; accordingly, his petition is denied. The stay issued by this court on October 26, 2018, is dissolved.
PETITION DENIED; STAY DISSOLVED.
Pittman, Thomas, and Donaldson, JJ., concur.
Thompson, P.J., dissents, without writing.