MOORE, Judge.
L.K. (“the mother”) appeals from a judgment entered by the Lee Juvenile Court (“the juvenile court”) terminating her parental rights to R.K. and S.K. (“the children”).
The Lee County Department of Human Resources (“DHR”) filed a petition to terminate the mother’s parental rights to the children on October 30, 2009. In its prayer for relief in that petition, DHR requested that the juvenile court would “cause service to be perfected on the ... mother ... at her last known address [in] Columbus, Georgia ... and by publication.”
On December 1, 2009, DHR filed a motion requesting to serve the mother by publication. That motion stated that the mother “is transient and her current whereabouts are unknown” and that “[p]ersonal service will be attempted at [the mother’s] last known address.” The motion further stated that DHR “will attempt personal service at the last known address of the [mother] but, it is requested that the Clerk of this Court be given authorization to grant service by publication on [the mother].” On December 2, 2009, the juvenile court entered an order granting DHR’s motion for service by publication, ordering the clerk of the court to issue a notice of service by publication on the mother “in the Auburn Villager in Auburn,” which is a newspaper of general circulation in Lee County. The clerk of the court issued that notice on that same date; that notice informed the mother, among other things, that she
“must answer the Petition for Termination of Parental Rights filed in the Family Court of Lee County, Alabama by Lee County DHR, within fourteen
(14) days from the last date of Publication of this notice, or appear at the full hearing in this cause scheduled for WEDNESDAY the 3RD DAY OF FEBRUARY, 2010 AT 1:30 P.M. IN THE FAMILY COURTROOM AT THE LEE COUNTY JUSTICE CENTER....”
(Capitalization in original; bold typeface omitted.) DHR presented exhibits indicating that that notice had been published in the Auburn Villager on December 10, December 17, December 24, and December 31, 2009.
The juvenile court entered an order on March 11, 2010, rescheduling the termination hearing. In that order, the juvenile court noted that service had been perfected on the mother by publication. A trial was held on April 22, 2010. At the trial, Keitha Dirck, an employee of the foster-care unit of DHR, testified that the notice by publication had been published in the Lee County newspaper rather than in a Columbus, Georgia, newspaper, although she admitted that each of the addresses she had listed for the mother were in Columbus, Georgia. The mother’s father testified that the mother lived in Georgia and that she had moved to Tennessee at one time. At the conclusion of DHR’s case, the mother’s attorney moved to dismiss on the ground of improper service; the juvenile court denied that motion. On June 24, 2010, the juvenile court entered a judgment terminating the mother’s parental rights. The mother filed her notice of appeal to this court on June 28, 2010.
The sole issue raised by the mother on appeal is that she was not properly served by publication and, thus, that the juvenile court never obtained personal jurisdiction over her. The mother argues, and DHR concedes, that DHR failed to properly follow the procedure for service by publication set out in Rule 4.3, Ala. R.
*1114 Civ. P., and that the judgment terminating the mother’s parental rights was therefore void for lack of in personam jurisdiction. See M.M. v. B.L., 926 So.2d 1038, 1042 (Ala.Civ.App.2005) (failure to properly serve father rendered judgment terminating his parental rights void). However, we find that the procedure for service by publication is not governed by Rule 4.3, Ala. R. Civ. P., in cases involving the termination of parental rights.
Rule 1(A), Ala. R. Juv. P., provides, in pertinent part:
“These Rules govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature....”
(Emphasis added.)[1] Rule 13(A)(2), Ala. R. Juv. P., provides that “[tjhere shall be no service by publication of any proceeding in the juvenile court except in proceedings to terminate parental rights.” We turn, therefore, to the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala.Code 1975, for guidance regarding service of process in termination-of-parental-rights proceedings.
Section 12-15-318, Ala.Code 1975, provides:
“(a) Except as otherwise provided by the Alabama Rules of Juvenile Procedure and this section, service of process of termination of parental rights actions shall be made in accordance with the Alabama Rules of Civil Procedure.
“(b) If service of process has not been completed within 90 days of the filing of the termination of parental rights petition, the petitioner shall request service by publication.
“(c) Service of process by publication may not be ordered by the juvenile court unless the following conditions are met:
“(1) The child who is the subject of the proceedings was abandoned in the state.
“(2) The state or private department or agency having custody of the child has established, by evidence presented to the juvenile court, that the absent parent or parents are avoiding service of process or their whereabouts are unknown and cannot be ascertained with reasonable diligence.
“(d) Service shall be made by publication in a newspaper of general circulation in the county of the juvenile court having jurisdiction and in the county of the last known address of the parent or parents of the abandoned child, at least once a week for four consecutive weeks.”
Because § 12-15-318 regulates the procedure for service by publication in termination-of-parental-rights cases, the provisions of Rule 4.3, Ala. R. Civ. P., cannot be applied in those proceedings.
We have not before had occasion to construe § 12-15-318. In construing a statute, we apply the ordinary and plain meaning of the words in order to determine the legislative intent. Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala. 1991). Section 12-15-318(c) clearly provides that two conditions must be satisfied in order for a juvenile court to grant a motion to serve a parent by publication in *1115 a termination-of-parental-rights case. First, the juvenile court must find that the child has been abandoned in this state. Second, the juvenile court must find, based on evidence presented to it by DHR or by any other person having legal custody of the abandoned child, “that the absent parent or parents are avoiding service of process or their whereabouts are unknown and cannot be ascertained with reasonable diligence.” § 12-15-318(e)(2). If those conditions are met, the juvenile court can then order service by publication as set out in § 12-15-318(d).
In this case, the mother’s appointed attorney did not specifically argue to the juvenile court that DHR had failed to prove that the mother had abandoned the children at issue or that DHR had failed to prove that the mother was avoiding process or that her whereabouts were unknown and could not be ascertained with reasonable diligence. Thus, we cannot consider those issues on appeal to the extent they are raised by the mother in her appellate brief. See J.K. v. Lee County Dep’t of Human Res., 668 So.2d 813, 817 (Ala.Civ.App.1995). Instead, the mother’s appointed attorney argued that DHR had attempted to serve the mother solely by publishing a notice in Lee County, where the juvenile court is located, and not in Muscogee County, Georgia, the county of the mother’s last known permanent address, or Tennessee, the mother’s last known location. Although the mother framed her argument to the juvenile court and this court as arising under Rule 4.3, Ala. R. Civ. P., we conclude that we may address that argument only insofar as it also relates to the requirements of § 12-15-318(d).
By its plain language, § 12-15-318(d) requires service by publication in a newspaper of general circulation not only in the county where the juvenile court is located, but also in the county of the last known address of the parent of the abandoned children. DHR admits that it did not publish notice of the proceedings to the mother in Muscogee County, Georgia, or in any county in Tennessee, both of which are asserted as the last known place of residence of the mother.[2] Hence, it is without dispute that DHR did not meet all the requirements for service by publication set out in § 12-15-318(d).
Just as strict compliance is required regarding the civil rules of service of process, see Johnson v. Hall, 10 So.3d 1031, 1037 (Ala.Civ.App.2008), so must we also require strict compliance with the statute regarding service of process applicable to termination-of-parental-rights proceedings. Those proceedings strike at the very heart of the family unit. See Ex parte Beasley, 564 So.2d 950, 952 (Ala. 1990). In a termination-of-parental-rights case, the state is seeking to irreversibly extinguish a fundamental liberty interest more precious than any property right, the right to associate with one’s child. Santo-sky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Unlike a judgment divesting a parent of custody, a judgment terminating parental rights is immediate, permanent, and irrevocable. See C.B. v. State Dep’t of Human Res., 782 So.2d 781, 785 (Ala.Civ.App.1998) (“termination of parental rights is an extreme action that cannot be undone; it is permanent”). Out of respect for those fundamental rights, due process must be observed. Santosky, supra.
*1116 Because DHR did not strictly comply with § 12 — 15—318(d), we conclude that it did not perfect service by publication on the mother in this case. Accordingly, the juvenile court never obtained personal jurisdiction over the mother and its judgment terminating her parental rights to the children is, therefore, void. An appellate court must dismiss an attempted appeal from a void judgment. See Claridy v. Claridy, 48 So.3d 626, 628 (Ala.Civ.App. 2010). We therefore dismiss this appeal, albeit with instructions for the juvenile court to vacate its void judgment terminating the parental rights of the mother.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. We note also that Rule 4.3, Ala. R. Civ. P., which addresses service by publication, provides in subsection (a)(2), in pertinent part, that it "does not supersede specific procedure for publication as set forth in certain statutes governing special proceedings ... and, in such proceedings, the specific statutory procedure for publication and all other requirements appearing therein shall govern.... ”

. Based on the posture of the case, we do not decide the appropriate place for service of publication. We simply note that DHR failed to properly serve the mother regardless of whether a county in Tennessee or Muscogee County, Georgia, was considered the location of the "last known address” of the mother.