PITTMAN, Judge.
C.M. (“the mother”) appeals from judgments of the Madison Juvenile Court terminating her parental rights to her four children: R.L., whose date of birth is May 9, 1999; R.M., whose date of birth is May 26, 2004; T.M., whose date of birth is December 15, 2005; and A.M., whose date of birth is January 20, 2009. On appeal, the mother argues that the judgments terminating her parental rights are void because, she says, the juvenile court lacked personal jurisdiction over her.
On October 20, 2011, the Madison County Department of Human Resources (“DHR”) petitioned to terminate the mother’s parental rights.[1] The juvenile court set the matter for trial on February 21, 2012. On February 17, 2012, the mother’s appointed counsel moved to continue the hearing because the parents had not been served. The juvenile court reset the trial date, and DHR moved the juvenile court to allow service of process by publication. DHR attached to its motion the affidavit of DHR caseworker Wanda Savage, who averred that the mother “avoids service and/or has been absent from her residence for more than thirty days since the filing of the petition and her present location is unknown ... and cannot with reasonable diligence be ascertained.” On March 9, 2012, the juvenile court entered an order approving service by publication.
On March 21, 2012, the mother’s appointed attorney entered a notice of appearance as counsel for the mother, requesting that he be served with all notices and pleadings in the case. One week later, the mother’s counsel filed a “notice of non-waiver of service,” stating as follows:
“1. Counsel was informed that the Madison County Department of Human Resources has filed a Petition for Termination of Parental Rights in the above styled matter.
“2. Attorney filed a notice of appearance in order to ensure that all future pleadings and orders of the court be properly forwarded to the attorney.
“3. The notice of appearance filed by the attorney was not intended as a waiver of service of the petition on the mother, [C.M.].
“4. Accordingly, attorney informs the court that the mother does not waive *892 service of process in this cause. Upon being served, the mother will file an appropriate answer.
“Wherefore, the premises considered, attorney prays that this Honorable court will take notice that the mother does not waive service of process in the above-styled case. In the event that this Notice of Non-Waiver of Service is not sufficient to preserve the mother’s rights relating to service, attorney respectfully requests the court to advise so that appropriate filings to protect the mother’s rights can be facilitated. Attorney further prays for any other such alternative form of relief deemed necessary and proper in order to effectuate a fair and equitable outcome in this cause.”
Notice of the termination-of-parental-rights petition was published in The Huntsville Times for four consecutive weeks beginning on May 4, 2012. On June 20, 2012, the mother’s counsel filed an objection to DHR’s February 27, 2012, motion for service by publication.
The termination action was tried on June 25, 2012. The mother personally appeared, along with her appointed counsel. In response to the juvenile court’s inquiry as to whether there were any preliminary matters to be addressed, the mother’s attorney moved to strike the court reports that would be offered by DHR, moved to strike the factual averments in an earlier motion filed by DHR, and moved the juvenile-court judge to recuse herself. Counsel then renewed his objection to the affidavit in support of the motion for service by publication, asserting that the affidavit had failed to set out any facts indicating that the mother was avoiding service and stating that the mother did “not waive service by the proper method as set out in [Rule] 4.3[, Ala. R. Civ. P.].” The juvenile court denied all the mother’s motions and, with respect to the last motion, stated that any defects in service were cured by the mother’s presence at trial. The mother did not testify or present any witnesses or other evidence. The mother’s counsel cross-examined DHR’s witness and moved for a “directed verdict” at the close of the evidence.[2] The juvenile court denied that motion and, at the conclusion of the trial, announced its ruling from the bench:
“The court having found the four children that are the subject of this proceeding to be dependent children, the court hereby grants custody to the Alabama Department of Human Resources and the State of Alabama for purpose of adoptive placement.”
The juvenile court memorialized its ruling in judgments entered in favor of DHR on August 9, 2012, in each case. The mother filed a timely notice of appeal to this court on August 22, 2012. The juvenile court certified the record as adequate pursuant to Rule 28(A), Ala. R. Juv. P.
Section § 12-15-318, Ala.Code 1975, rather than Rule 4.8, Ala. R. Civ. P., governs the procedure for service by publication in a termination-of-parental-rights case. See L.K. v. Lee Cnty. Dep’t of Human Res., 64 So.3d 1112, 1114 (Ala.Civ.App.2010). Section 12-15-318 provides:
“(a) Except as otherwise provided by the Alabama Rules of Juvenile Procedure and this section, service of process of termination of parental rights actions shall be made in accordance with the Alabama Rules of Civil Procedure.
“(b) If service of process has not been completed within 90 days of the filing of *893 the termination of parental rights petition, the petitioner shall request service by publication.
“(c) Service of process by publication may not be ordered by the juvenile court unless the following conditions are met:
“(1) The child who is the subject of the proceedings was abandoned in the state.
“(2) The state or private department or agency having custody of the child has established, by evidence presented to the juvenile court, that the absent parent or parents are avoiding service of process or their whereabouts are unknown and cannot be ascertained with reasonable diligence.
“(d) Service shall be made by publication in a newspaper of general circulation in the county of the juvenile court having jurisdiction and in the county of the last known address of the parent or parents of the abandoned child, at least once a week for four consecutive weeks.”
Savage’s affidavit did not allege that the children had been abandoned in the state. Nor does the record demonstrate that the juvenile court, before it ordered service by publication, was presented with any evidence indicating that the children had been abandoned, that the mother was avoiding service, or that DHR had used reasonable diligence to ascertain the mother’s whereabouts.
“Section 12-15-318(c) clearly provides that two conditions must be satisfied in order for a juvenile court to grant a motion to serve a parent by publication in a termination-of-parental-rights case. First, the juvenile court must find that the child has been abandoned in this state. Second, the juvenile court must find, based on evidence presented to it by DHR or by any other person having legal custody of the abandoned child, ‘that the absent parent or parents are avoiding service of process or their whereabouts are unknown and cannot be ascertained with reasonable diligence.’ § 12-15-318(c)(2). If those conditions are met, the juvenile court can then order service by publication as set out in § 12-15-318(d).”
L.K., 64 So.3d at 1114-15.
On March 21, 2012, the mother’s appointed counsel filed a notice of appearance. In Simmons v. Simmons, 99 So.3d 316, 320 (Ala.Civ.App.2011), this court held that “[an attorney’s] filing a notice of appearance on behalf of [his or her client] constitute[s] a waiver of service of process by [the client].” On March 28, 2012, the mother’s counsel attempted to “amend” the notice of appearance to disavow any waiver of service of process, but a notice of appearance is not a “pleading,” see Rule 7(a), Ala. R. Civ. P., to which the exception to waiver of the defense of insufficiency of service of process outlined in Rule 12(h)(1), Ala. R. Civ. P., for “amended pleadings” is applicable. Cf. D.M.T.J.W.D. v. Lee Cnty. Dep’t of Human Res., 109 So.3d 1133, 1140 (Ala.Civ.App.2012) (holding that mother “did not waive the defense of lack of personal jurisdiction by failing to raise it in her first responsive pleading, i.e., her answer to DHR’s ... petition to terminate her parental rights” because “the mother sought leave to amend her answer to include the defense of lack of personal jurisdiction, ... DHR did not object to that motion, and ... the juvenile court allowed the mother to amend her answer”).
Finally, even assuming that counsel’s notice of appearance could be amended to disavow the previous waiver of service, the mother waived the defense of lack of personal jurisdiction when she appeared with her counsel at the termi *894 nation-of-parental-rights trial on June 25, 2012, and participated in the trial proceedings by moving to strike certain evidence, by cross-examining DHR’s witness, and by moving for a judgment on partial findings. See supra note 2. “ ‘[I]f a defendant intends to rely on want of jurisdiction over his person, he must appear, if at all, for the sole purpose of objecting to the jurisdiction of the court. An appearance for any other purpose is usually considered general.’ ” R.M. v. Elmore Cnty. Dep’t of Human Res., 75 So.3d 1195, 1200 (Ala.Civ.App.2011) (quoting Persons v. Summers, 274 Ala. 673, 681, 151 So.2d 210, 215 (1963)) (emphasis added).
The juvenile court properly exercised personal jurisdiction over C.M. Its judgments are affirmed.
AFFIRMED.
THOMAS and DONALDSON, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.

. DHR also petitioned to terminate the parental rights of A.B., the father of the oldest child, R.L., and of S.M., the father of the other three children — R.M., T.M., and A.M. Neither man participated in the termination proceedings, and neither has appealed

. Because this action was tried before the court without a jury, the motion is properly considered one for a judgment on partial findings, pursuant to Rule 52(c), Ala. R. Civ. P., and Rule 1(a), Ala. R. Juv. P.