THOMAS, Judge,
concurring in the result.
Although I would affirm the judgment of the Madison Juvenile Court, which terminated the parental rights of C.L.W. (“the father”) to N.C.W. and V.A.W., I would do so with an opinion.
The Madison County Department of Human Resources (“DHR”) filed petitions in the juvenile court seeking to terminate the father’s parental rights. It also sought and received permission to serve the father by publication. In his brief, the father cites § 12-15-318(c), Ala.Code 1975, and L.K. v. Lee County Department of Human Resources, 64 So.3d 1112 (Ala.Civ.App.2010), for his contention that DHR failed to properly serve him. The father asserts that this court has “held that two elements must be met under 12-15-318 in order to effect service by publication.” The father is correct; however, effective April 25, 2013, subsection (c) of § 12-15-318 was amended by our legislature to allow proper service by publication when only one of the two conditions listed in the statute are met. See Act No. 2013-157, § 2, Ala. Acts 2013. Subsection (c) currently reads:
“(c) Service of process by publication may not be ordered by the juvenile court unless at least one of the following conditions is met:
“(1) The child who is the subject of the proceedings was abandoned in the state, or
“(2) The state or private department or agency having custody of the child has established, by evidence presented to the juvenile court, that the absent parent or parents are avoiding service of process or their whereabouts are unknown and cannot be ascertained with reasonable diligence.”
(Emphasis added.)
The record reveals that DHR filed an affidavit alleging that the father was avoiding service of process; thus, I would agree that DHR met “at least one” of the conditions and that the juvenile court’s judgments are due to be affirmed. However, I write to highlight that our legislature’s change in the language of § 12-15-318(c) renders inapt the father’s reliance on our holding in L.K., 64 So.3d at 1115-16. Similarly, our holdings in C.M. v. Madison County Department of Human Resources, 133 So.3d 890, 893 (Ala.Civ.App.2013), and D.M.T.J.W.D. v. Lee County Department of Human Resources, 109 So.3d 1133, 1141 (Ala.Civ.App.2012), have been superseded by § 12-15-318(c), as amended.