Rel: March 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0531

_____

### T.F.H.

### v.

### A.L.S.

### Appeal from Coosa Juvenile Court
### (JU-21-22.01)

HANSON, Judge.

T.F.H. appeals from a judgment of the Coosa Juvenile Court ("the juvenile court") that terminated his parental rights to M.J.B. ("the child"). On appeal, T.F.H. argues that the judgment terminating his

parental rights is void because, he argues, the juvenile court lacked personal jurisdiction over him.

The record on appeal reveals the following pertinent facts and procedural history. On August 19, 2021, A.L.S. ("the mother") filed a verified petition in the juvenile court seeking to terminate the parental rights of T.F.H. to the child. That same day, the mother served T.F.H. with process by certified mail. The juvenile court entered an order on October 27, 2021, setting the case for a trial to be held on December 7, 2021. On December 6, 2021, the juvenile court entered an order stating: "[T.F.H.] was not served by personal service. This case is continued in general for father to be served and for attorney to file motion for court date." The mother then filed a motion stating that the father was personally served on December 11, 2021, and requesting that the matter be set for a final hearing; the mother attached a return copy of the process served by the private process server to her motion. The juvenile court held a trial on March 3, 2022.

At the commencement of the trial, the mother's counsel asserted that T.F.H. had been served by certified mail on August 19, 2021, and

2

that a private process server personally served T.F.H. on December 11, 2021. In response, T.F.H.'s counsel stated:

> "I would like the Record to reflect that [T.F.H.] is not here this morning. I have attempted to contact him and have had no response at the address and phone number and various other social media efforts we have made to contact him.
>
> "I do need to point out that for purposes of today, due to what I think is the procedural posture and the fact that my client is not here, I need to enter a limited appearance for purposes of objecting to personal jurisdiction over my client. I have not heretofore entered any notice or anything in this Court, so my client is not going to be deemed to have waived notice by entering a general appearance of any kind."

In his argument to the juvenile court, T.F.H.'s counsel contended that the service by certified mail on August 19, 2021, was not in compliance with Rule 13(A), Ala. R. Juv. P., or with Rule 4(i)(2), Ala. R. Civ. P., and that the return copy of the process served by the private process server on December 11, 2021, was deficient. Thereafter, the juvenile court denied T.F.H.'s counsel's oral motion to dismiss challenging the sufficiency of service of process and proceeded to try the termination-of-parental-right action.

On March 15, 2022, the juvenile court entered a judgment, terminating the parental rights of T.F.H. to the child. Subsequently, T.F.H. filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P.,

asking the trial court to alter, amend, or vacate the judgment, arguing that he was never properly served with service. On March 28, 2022, the juvenile court denied T.F.H.'s postjudgment motion. T.F.H. then timely filed a notice of appeal; this court has appellate jurisdiction because the record containing the transcript of the audio recording of the hearing was prepared at the direction of the juvenile court, which certified it as adequate for appellate review under Rule 28(A)(1)(c)(i), Ala. R. Juv. P. We dismiss the appeal with instructions to the juvenile court to vacate the judgment terminating T.F.H.'s parental rights.

Analysis

On appeal, T.F.H. first argues that his parental rights cannot be terminated because service of process was not perfected as required by § 12-15-318, Ala. Code 1975.[1] Although the mother did not file a brief with this court, her arguments before the juvenile court were that service by certified mail had been proper and that the personal service by the private process server had been proper.

"Our supreme court has recognized that

---

[1]T.F.H. raises two additional arguments concerning his status as the putative father, however, because his first argument is determinative, we pretermit consideration of T.F.H.'s remaining arguments.

> "'[o]ne of the requisites of personal jurisdiction over a defendant is "perfected service of process giving notice to the defendant of the suit being brought." "When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.'"

R.M. v. Elmore Cnty. Dep't of Hum. Res., 75 So. 3d 1195, 1199 (Ala. Civ. App. 2011) (internal citations omitted in R.M.) (quoting Horizons 2000, Inc. v. Smith, 620 So. 2d 606, 607 (Ala. 1993)).

Furthermore,

> "[j]ust as strict compliance is required regarding the civil rules of service of process, see Johnson v. Hall, 10 So. 3d 1031, 1037 (Ala. Civ. App. 2008), so must we also require strict compliance with the statute regarding service of process applicable to termination-of-parental-rights proceedings. Those proceedings strike at the very heart of the family unit. See Ex parte Beasley, 564 So. 2d 950, 952 (Ala. 1990). In a termination-of-parental-rights case, the state is seeking to irreversibly extinguish a fundamental liberty interest more precious than any property right, the right to associate with one's child. Santosky v. Kramer, 455 U.S. 745, 758-59, 102 S.Ct. 1388, 71 L.Ed 2d 599 (1982). Unlike a judgment divesting a parent of custody, a judgment terminating parental rights is immediate, permanent, and irrevocable. See C.B. v. State Dep't of Human Res., 782 So. 2d 781, 785 (Ala. Civ. App. 1998) ('termination of parental rights is an extreme action that cannot be undone; it is permanent'). Out of respect

5

for those fundamental rights, due process must be observed. Santosky, supra."

L.K. v. Lee Cnty. Dep't of Hum. Res., 64 So. 3d 1112, 1115 (Ala. Civ. App. 2010).

Rule 1(A), Ala. R. Juv. P., provides, in pertinent part:

"(A) These Rules shall be known as the Alabama Rules of Juvenile Procedure and shall govern the procedure for all matters in the juvenile court. If no procedure is specifically provided in these Rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to those matters that are considered civil in nature ...."

(Emphasis added.) Rule 13(A), Ala. R. Juv. P., provides that a termination-of-parental-rights petition along with a summons shall be personally served by a process server pursuant to Rule 4(i)(1), Ala. R. Civ. P. Rule 13(A) further provides that "Upon motion and for good cause shown, the court may direct that an adult be served by certified mail pursuant to Rule 4(i)(2), Alabama Rules of Civil Procedure. A copy of the petition shall be attached to each summons."

Section 12-15-318, Ala. Code 1975, of the Alabama Juvenile Justice Act, § 12-15-101 et seq., Ala. Code 1975, addresses service of process in termination-of-parental-rights and provides, in pertinent part:

"(a) Except as otherwise provided by the Alabama Rules of Juvenile Procedure and this section, service of process of

6

termination of parental rights actions shall be made in accordance with the Alabama Rules of Civil Procedure."

The methods of service set forth in Rule 4(i) of the Alabama Rules of Civil Procedure include, in pertinent part:

"(1) Delivery by a Process Server.

"....

"(C) How Served and Returned. The person serving process shall deliver a copy of the process and accompanying documents to the defendant or other person who may be served under the provisions of Rule 4(c)[, Ala. R. Civ. P.] When the copy of the process has been delivered, the person serving process shall endorse that fact on the return copy [of the process], stating the date of service and the first and last name of the person served. ....

"…If service is made by a Designated Person under Rule 4(i)(1)(B), [Ala. R. Civ. P.,] the return shall clearly indicate the name, the physical address of the home or business, and the telephone number of the person serving process and must include a statement that the server meets the requirements of Rule 4(i)(1)(B). The return of the person serving process in the manner described herein shall be prima facie evidence that process has been served.

"(2) Service by Certified Mail.

"(A) When proper. When the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by

7

that method. Alternatively, the attorney or party filing the process and complaint may initiate service by certified mail as provided in this rule."

We disagree with the mother's argument that service by certified mail was proper in this case under Rule 4(i)(2), Ala. R. Civ. P. Although Rule 4(i)(2) allows service by certified mail when the attorney or party filing the process and complaint initiates such service by certified mail, the Alabama Rules of Juvenile Procedure and § 12-15-318 impose restrictions on the methods of service in termination-of-parental-rights proceedings. Pursuant to Rule 13(A)(1), Ala. R. Juv. P., "after a termination-of-parental-rights petition has been filed, summonses shall be issued to and personally served by a process server." Rule 13(A)(1) further states that "[u]pon motion and for good cause shown, the court may direct that an adult be served by certified mail pursuant to Rule 4(i)(2), Alabama Rules of Civil Procedure." (Emphasis added.)

Considering that a judgment terminating parental rights irreversibly extinguishes a fundamental liberty interest more precious than any property right, i.e., the right to associate with one's child, see Santosky v. Kramer, 455 U.S. 745, 758-59 (1982) ("[A] natural parent's desire for and right to the "companionship, care, custody, and

8

management of his or her children"' is an interest far more precious than any property right." (quoting <u>Stanley v. Illinois</u>, 405 U.S. 645, 651 (1982))), in termination-of-parental-rights cases, the Alabama Rules of Juvenile Procedure require personal service or, upon motion and for good cause shown, service by certified mail at the direction of the court. If the parent is avoiding service or cannot be located, service may be made by publication, <u>see</u> § 12-15-318(b)-(d), Ala. Code 1975.

The mother failed to file a motion seeking permission to serve T.F.H. by certified mail, and the record does not indicate that any good cause was shown to allow service by certified mail. Although the mother asserts that T.F.H. was properly served by certified mail on August 19, 2021, the juvenile court entered an order on December 6, 2021, acknowledging that T.F.H. had not been served by personal service and continued the case until T.F.H. was served, indicating that the juvenile court had determined that the mother's August 19, 2021, service by certified mail had not been a valid method of service in this case.

The mother next contends that service was perfected when T.F.H. was personally served on December 11, 2021. Pursuant to Rule 4(i)(1)(C), Ala. R. Civ. P., "[t]he person serving process shall deliver a copy of the

process and accompanying documents to the defendant or other person who may be served." The record indicates that the private process server failed to state that a copy of the petition and any accompanying documents were served to T.F.H. See Truss v. Chappell, 4 So. 3d 1110 (Ala. 2008) (holding that conclusory statement in an affidavit that defendant driver had been duly served with a copy of the complaint, without more, did not establish that driver was properly served). Rule 4(i)(1)(C), Ala. R. Civ. P., also provides that "[i]f the service is made by a Designated Person under Rule 4(i)(1)(B), [Ala. R. Civ. P.,] the return shall clearly indicate the name, the physical address of the home or business, and the telephone number of the person serving process and must include a statement that the server meets the requirements of Rule 4(i)(1)(B)." The return failed to indicate the physical address of the home or business and the telephone number of the person serving process, and it failed to include a statement that the server was a person not less than 19 years of age, was not a party, and was not related within the third degree by blood or marriage to the mother. See Aaron v. Aaron, 571 So. 2d 1150, 1151 (Ala. Civ. App. 1990) (holding that under Alabama law, strict compliance with the rules governing service of process is required).

Because the return was deficient, personal service of process on December 11, 2021, was insufficient.

Because the record indicates that the mother did not properly serve T.F.H. with the termination-of-parental-rights petition, the juvenile court lacked jurisdiction over T.F.H., rendering the juvenile court's judgment void. See D.M.T.J.W.D. v. Lee County Dept of Hum. Res., 109 So. 3d 1133, 1144 (Ala. Civ. App. 2012) (holding that judgment was void because the department of human resources did not perfect service on the mother); see also Cain v. Cain, 892 So. 2d 952 (Ala. Civ. App. 2004) (holding that actual knowledge of an action does not confer personal jurisdiction without compliance with rule governing service of process). A void judgment will not support an appeal. See K.T. v. B.C., 232 So. 3d 897, 900 (Ala. Civ. App. 2017). Accordingly, T.F.H.'s appeal from the judgment terminating his parental rights to the child is dismissed, albeit with instructions to the juvenile court to vacate its judgment.

APPEAL DISMISSED WITH INSTRUCTIONS

Thompson, P.J., and Moore, Edwards, and Fridy, JJ., concur.